MILLER v. PETER.[1]

1. JUDGMENT — MORTGAGES — RES ADJUDICATA — PRINCIPAL AND SURETY.

On a bill to redeem from a deed, given without consideration to the grantor, to secure an indebtedness of a firm which had executed a mortgage on other property to secure the indebtedness, a decree foreclosing the debtors' mortgage, in proceedings to which the surety was a party, is conclusive on the question of the right to a credit for taxes averred to be invalid, which had been paid by the mortgagee, and which were credited to the mortgagee by the foreclosure decree.

2. SAME — DEFENSES CONCLUDED — PRINCIPAL AND SURETY — RELEASING SECURITIES.

Releases given[1] prior to the decree of foreclosure to one of the debtors, releasing lands on which he had given a mortgage to secure the same indebtedness could not be treated as payments for the benefit of the surety, on a suit to redeem, where the defense was necessarily involved in the foreclosure proceeding, and no fraud was alleged and no attempt made to set aside the decree during a lapse of many years.

3. MORTGAGES — DEED AS SECURITY — REDEMPTION — EVIDENCE — BURDEN OF PROOF.

Evidence that the deed given by the surety to the creditor was without additional consideration besides the original debt, that it was not received as payment of the indebtedness when delivered, and that no credit was subsequently given as payment, either by the parties or in the decree of foreclosure, sustains the burden of proof imposed on a complainant, who tries to redeem from a deed executed to take effect as a mortgage.

4. DEEDS — REAL PROPERTY — EXECUTION — PRESUMPTION AS TO DATE OF DELIVERY.

A deed is presumed to have been delivered at the date of its acknowledgment.

5. EQUITY—LACHES—BILL TO REDEEM.

Redemption from a deed given to secure a debt is not precluded by complainant's laches, where it was executed in

[1] Rehearing denied December 31, 1909.

1888 and suit to redeem instituted in 1906, upon proof that in 1896 the husband of the grantor attempted, as her agent, to have the creditor treat the deed as a payment, and a satisfaction of the judgment was filed, without any authority from the grantor, although it is *held* that matters determined by the decree of foreclosure rendered in 1892 could not be reviewed collaterally after the death of some of the parties and the lapse of many years.

6. MORTGAGES—POSSESSION BY MORTGAGEE—COMPENSATION.

The mortgagee is chargeable, on accounting, with the rental value of property of which he has had possession.

Appeal from St. Clair; Law, J. Submitted April 29, 1909. (Docket No. 11.) Decided October 4, 1909.

Bill by Anna P. Miller against Roxanna Peter, Alvin Peter, and William A. Young, administrators of the estate of William Peter, deceased, to have a deed absolute upon its face declared to be a mortgage, for permission to redeem therefrom, and for an accounting. From a decree dismissing the bill, complainant appeals. Reversed, and remanded.

*James Van Kleeck* (*George P. Cobb*, of counsel), for complainant.

*James E. Duffy*, for defendants.

MONTGOMERY, J. On the 5th of June, 1888, Albert Miller and George Lewis, composing the firm of Miller & Lewis, being indebted to William Peter in the sum of $29,000, gave notes aggregating that amount and bearing interest at 8 per cent., secured by mortgage upon property in Bay and Arenac counties owned by Miller & Lewis. As a further security George Lewis and his wife executed a mortgage upon property owned by Lewis situated in the county of Bay, reciting a consideration of $10,000; the condition being that the mortgagors should pay, or cause to be paid, $29,000, according to the terms of the real estate mortgage executed by Miller & Lewis. On the same

day Albert Miller and wife gave a like mortgage covering certain property owned by Albert Miller, and Jennie R. Miller, wife of Albert Miller, gave a mortgage on her individual property in the county of St. Clair, which, for a stated consideration of $10,000, covered the N. E. ¼ of the S. W. ¼, the S. E. ¼ of the N. W. ¼, the S. W. ¼ of the N. E. ¼, and the N. E. ¼ of the N. E. ¼, section 3, in township 2 N., range 16 E. The condition of this mortgage was that if the parties of the first part should pay, or cause to be paid, the sum of $29,000 according to the terms of the real estate mortgage executed by Miller & Lewis, the mortgage should be void, etc. Jennie R. Miller departed this life on the 15th of May, 1904, intestate. She left four children, who united in conveying the property covered by the last-named mortgage to the complainant in this case.

On the 19th of December, 1892, Jennie R. Miller executed an instrument which was in the form of a warranty deed running to William Peter for a recited consideration of $4,000, covering the property named in the mortgage given by her to Peter. The property conveyed was eleven-twelfths of the land described. Both the bill and answer, however, treat this as a conveyance of the entire property. The bill in this case is filed to have this deed of December 19, 1892, declared to be a mortgage and to redeem. The bill avers that payments have been made from time to time upon this $29,000 mortgage, and that releases had been made of property held by Lewis, who was primarily liable for the debt, under such circumstances as would release Jennie R. Miller, who had pledged her property as security simply, without any consideration.

On the 4th of December, 1891, William Peter filed a bill to foreclose the $29,000 mortgage, making all the interested parties, including Jennie R. Miller, parties defendant. On the 22d of August, 1889, he had released to Lewis a part of the property covered by the mortgage given by him. On the 3d of June, 1890, he made a further release of property covered by the Lewis mortgage. The

evidence is not very clear as to the occasion for this, although there is testimony tending to show that the reason for this release was that the property, before it was mortgaged, had been sold on contract, and that it was released in order that the parties equitably entitled to the property might secure the same. The evidence is somewhat obscure, which is perhaps not surprising, in view of the lapse of time.

On the 13th of December, 1892, William Peter gave another part release from the mortgage made by George Lewis of certain property, and on December 17th of the same year Lewis conveyed to Peter property which was also described in the mortgage given by him for a named consideration of $2,000. A mill, which was covered by the mortgage given by Miller & Lewis, was burned in July, 1892, and was covered by insurance to the amount of $17,500. Of this sum it is admitted that William Peter received $14,000. There is no evidence that the remaining $3,500 was received by him, but it is claimed that as between him and Mrs. Miller he is chargeable with it whether he received it or not, as he had the right to receive it.

Testimony was taken in the foreclosure case on the 25th of November, and again on the 30th of December, the complainant claiming in that proceeding credit to the sum of $6,315.11 for taxes paid for the years 1884 to 1887. The amount reported due by the commissioner was $21,469.33. This report was made on the 25th day of November, 1892. At about this date a company to take over the Miller & Lewis property described in the original mortgage was in contemplation. Jennie R. Miller and Albert Miller were organizers of this company, and on the 12th of October, 1892, united with Mr. Lewis and his wife in the following consent:

"We will consent to you releasing all the real estate and other property situate in the sixth ward of Bay City, covered by the Miller & Lewis mortgage to you, which s in process of foreclosure, in consideration that you credit

as a payment on said mortgage the sum of ten thousand dollars, such release being without prejudice to you as to other securities "—and signed by the parties.

On the 30th of December the commissioner made a supplemental report, giving credit for $10,280 received upon a sale of the property covered in this consent, leaving a balance, including the tax item, of $11,189.33. On the same date a decree was rendered confirming the report of the commissioner, and stating that there was due to Peter $11,198.03, and decreeing a sale of the remaining property. No credit was given in this computation for the $4,000, the named consideration of the deed given by Jennie R. Miller. The circuit court commissioner proceeded to sell the property, and realized a net sum of $778.85, leaving a deficiency of $10,398.03. The matter rested here until the 6th day of May, 1896, when a satisfaction of this decree was entered of record, reciting that:

"The complainant by himself and the defendants by said George Lewis having this day come together and agreed that payments have been made on the decree heretofore, to wit, on the 30th day of December, 1892, entered in said cause, which payments consist of a conveyance made by Jennie R. Miller of a certain farm in the county of St. Clair, Mich., and the conveyance by said George Lewis of certain property in the city of Bay City and Bay county, Mich., and the amount realized on the sale of real estate in the county of Arenac, and also certain property described in said mortgage, situate in said Bay City, by which the amount due on said decree has been reduced to a balance of $1,270.92, which amount still remains unpaid on said decree after all payments and credits applied thereon between the parties, and said George Lewis having this day executed and delivered to said complainant his promissory note for said balance, * * * it is hereby agreed and stipulated that said decree is satisfied, and the register of said court is hereby authorized to enter satisfaction of record." Signed by William Peter.

Upon a full hearing, the circuit judge denied the relief prayed, and the complainant appeals.

The bill prays for an accounting of the rents and profits,

and it appears to be conceded in this court that the personal representatives of Jennie R. Miller are necessary parties to such a proceeding, but it is asked that, in case the court should find the complainant entitled to relief, the case be remanded, with leave to bring in as complainants these personal representatives.

Many of the questions which are raised we think should be held concluded by the decree of foreclosure. The claim that the taxes paid by Mr. Peter should not be credited to him in the foreclosure proceedings is certainly precluded by the decree in that case if Jennie R. Miller was bound by that decree. We see no reason for holding that she was not so bound. The claim is not inequitable in any view. While there may have been defects in the proceedings to spread the taxes, the taxes were not discharged by such defects, and remained a lien upon the land, and the payment made was for the purpose of perfecting the title and relieving the land of this burden, and as the property was sold to the South End Lumber & Salt Company, of which Mrs. Miller was one of the organizers, it would appear that the benefit of relieving this land from the lien of these taxes had accrued to the mortgagors. The attempt to evade this payment is, as the circuit judge held, an attempt to take advantage of a technicality which does not commend itself to the court. The same thing may be said of the releases of the land of Mr. Lewis. These releases had been made prior to this adjudication, and had operated as payments, at least *pro tanto*, at the time the decree was made, if at all, and yet there is no claim of any fraud, and no attempt has been made to set aside that decree by a direct proceeding, nor has any attack been made upon it for many years.

Upon the principal question, however, of whether the deed in question was a mortgage or an absolute conveyance, the case is one presenting more difficulty. There is nothing in the record to indicate that Miller was paid any consideration for that deed. Excluding entirely the testimony of Albert Miller as incompetent under the statute,

it still appears that on the 19th of December, 1892, this deed was executed and delivered without any new consideration. The bill alleges the execution and delivery at that time, and the answer admits it. It appears that on the 30th of December the last computations of the amount · due upon the mortgage of Miller & Lewis were made, and that at that time no credit was given for the payment of this $4,000 upon the mortgage, so that it conclusively appears that it was not then treated as a payment. It is true that the burden of proof rests upon the complainant to show that this deed, which was absolute in form, was given as a mortgage. But we think the circumstances show that she has met that burden of proof. Not only is there no claim that any consideration passed at this time, but the subsequent recitation by Mr. Peter over his own signature, indicating an attempt by an arrangement with Mr. Lewis to treat this conveyance as a payment, shows that it was executed upon no new consideration. The decree shows that it was not received as payment at the time it was delivered, so that any attempt to turn it into a payment must have depended upon subsequent negotiations with some one. It is suggested that the testimony of Mr. Young indicates that this arrangement was made at the time the deed was made. We think his testimony is altogether too vague upon this subject to be accepted as controlling.

It is also suggested that the delivery did not occur until after the decree was entered, and that the answer should be amended so as to admit of the defendant taking this position. We think, however, that if we give the complainant the benefit of the presumption that a deed was delivered at the date of its acknowledgment (*Johnson* v. *Moore*, 28 Mich. 3), there is no tangible evidence which disputes this presumption, and that an amendment of the answer would be unavailing.

Reliance is had upon the complainant's laches in bringing this suit. This question presents itself in two aspects: *First*, as to the laches in the attack made upon this de-

cree; and, *second*, as to the laches in attempting to redeem the lands covered by the deed. The cases cited by defendants' counsel are mostly cases in which an attempt is made to attack or set aside judicial proceedings. So far as this case partakes of that character, we think the position of defendants is unassailable. We do not think this decree should be open to this collateral attack at this late date, after the parties to the transaction are some of them dead and others disabled from testifying. We think, therefore, that the decree should stand as it is, but as to the subsequent attempted settlement of 1896 it is obvious that this is not binding upon the complainant or the representatives of Jennie R. Miller. It would appear, then, that this decree was discharged by Peter upon the assumption of authority in George Lewis to make application of the farm in question as a payment at the price of $4,000. There is no evidence of bad faith, nor is there, on the other hand, the slightest evidence that Mr. Lewis had this authority. We think, therefore, that this deed should be held as a security for the sum of $4,000, and complainants should be permitted to redeem upon the payment of that amount, with interest. The defendants should be charged with the rental value of the property, less expenditures made in the ordinary course of husbandry.

The case will be remanded in order to admit of bringing in the principal complainants, with directions to enter a decree in accordance with this opinion.

OSTRANDER, HOOKER, MOORE, and McALVAY, JJ., concurred.