ROCHFORD v. MURPHY.

1. Covenants—Warranty Against Incumbrances—Recording—Possession.

Grantees under warranty deed who objected to description therein when it was delivered, who did not record it nor take possession until after a judgment creditor of grantor had levied on the property and then obtained a second deed with satisfactory description, were not entitled to recover damages for breach of warranty against incumbrances, since grantees would have been completely protected against levy by timely recording of deed passing title (3 Comp. Laws 1929, § 14618).

2. Same—Warranty Against Incumbrances—Consideration.

In action to recover damages for breach of warranty against incumbrances, where first deed containing such warranty conveyed title and no additional consideration was paid for second deed containing a more accurate description and a like warranty against incumbrances, latter warranty would not be binding since it was without consideration.

3. Same — Description — Title — Levy — Breach of Warranty Against Incumbrances.

If description in an unrecorded warranty deed was insufficient to pass title and same description was used in levy thereafter made, the levy would be invalid and ineffective; hence grantee would not be entitled to recover from grantor for breach of covenant in consequence of having paid claim of grantor's judgment creditor.

Sharpe, McAllister, and Butzel, JJ., dissenting.

Appeal from Oakland; Hartrick (George B.), J. Submitted January 2, 1940. (Docket No. 18, Calendar No. 40,643.) Decided April 1, 1940. Rehearing denied June 18, 1940.

Action by Hilary L. Rochford and wife against Jesse A. Murphy for damages for breach of covenant in a deed. Judgment for plaintiffs. Defendant appeals. Reversed.

*Charles B. Robertson,* for plaintiffs.

*Lewis Daniels,* for defendant.

NORTH, J. In this suit tried in the circuit court without a jury plaintiffs had judgment against defendant in the amount of $1,442.39 for an alleged breach of a covenant against incumbrances in a deed from defendant and his wife to plaintiffs. Defendant has appealed.

On October 25, 1935, plaintiffs entered into an agreement with defendant and his wife for an exchange of real estate owned by them respectively. In consummation of this agreement the parties met at the office of a lawyer October 28, 1935, and exchanged deeds. Plaintiffs' deed was prepared at the time by the attorney and delivered to defendant. Defendant brought with him to the attorney's office a deed of his property properly executed by himself and wife. This deed was delivered to the attorney who was acting for plaintiffs. Some comments passed to the effect that the description in defendant's deed was not entirely satisfactory because "it was not the same description as in the agreement" which the parties had executed. There is testimony that the lawyer on the occasion when the deeds were exchanged "told Mr. Murphy we would have to have a description, a deed with the proper description in it." Plaintiffs did not take possession of the property conveyed to them until the following December, nor was the deed from defendant to them

recorded. In the meantime, November 26, 1935, a judgment creditor of defendant levied upon the property which he had deeded to plaintiffs. So far as appears from this record neither plaintiffs nor defendant knew of this levy until more than a year after it was made. But within a month after it was made and on or about January 11, 1936, Mr. Rochford brought to Mr. Murphy another deed dated October 28, 1935, which had been prepared by plaintiffs' attorney. This deed contained a description of a different character, and possibly more accurate, than the deed which defendant had previously delivered to plaintiffs' attorney. At the request of Mr. Rochford, defendant and his wife on January 11, 1936, executed and delivered this second deed. It contained the usual warranties and a covenant against all incumbrances, with certain stated exceptions not here important. Plaintiffs base their right of recovery upon the covenant against incumbrances contained in the deed of January 11, 1936. Defendant claims that this second deed was merely given in lieu of the earlier deed or to supplement the same, so that the conveyance to plaintiffs might contain a more satisfactory description of the property; and since at the time defendant's first deed was delivered (October 28, 1935), there was no lien or incumbrance upon the property in violation of the covenant contained in his deed, plaintiffs are not entitled to recover.

Plaintiffs take the position that there was no delivery of defendant's earlier deed. The circuit judge did not specifically pass upon this question; but our review of the record satisfies us that the first deed was delivered. Any other conclusion is markedly inconsistent with the subsequent conduct of all parties concerned. In concluding that plaintiffs were

entitled to recover, the circuit judge based decision upon his finding that: ''Any conveyance given October 28, 1935, * * * was insufficient or erroneously described the property,'' and for this reason the trial judge appears to have concluded plaintiffs took title under the deed of January 11, 1936, not under the prior deed of October 28, 1935. Obviously the question of whether the circuit judge correctly decided the case turns upon the correctness of his decision in the above particular.

Examination of this record discloses that some months prior to the inception of the transaction between these litigants a Home Owners Loan Corporation loan was made on the Murphy property. The description in the deed under which Murphy had taken title to some extent referred to monuments of a rather unsatisfactory character. On this account, incident to effecting the Home Owners Loan Corporation loan, a survey of the property was made in order to obtain a description by metes and bounds, and without reference to unsatisfactory monuments. Plaintiffs produced and put in evidence the certificate of James H. MacMahon who made the survey to obtain a new description, and he therein stated:

''I further depose, say, and certify that the legal description furnished by me as a result of my survey as herein and above set forth covers the identical parcel of *land described in the deed* by which Jesse A. & Leeta Murphy acquired title to said property.''

The description obtained by this survey was the one used in the agreement of October 25, 1935, made between these litigants for an exchange of properties. But evidently when Murphy prepared his deed he used the same description as that under which he had taken title. The attorney who represented plaintiffs when the first deeds were exchanged testi-

fied: "I told Mr. Murphy that that deed which he presented on the 28th had a description which looked as though it had been taken from some paper that he had and covered the property as covered in the deed from Lamb to Murphy." It was this circumstance which gave rise to the observation that the description in Murphy's deed did not conform to the description in the agreement entered into by the parties October 25, 1935. But it does not follow that the description in the deed which Murphy and his wife first executed was not wholly adequate to convey title to the premises. It was the same description under which they had obtained title. And, as we shall later note, it was the same description used in making the levy in consequence of which plaintiffs claim there was a breach of defendant's covenant. Granting even that there were some irregularities or slight inaccuracies, or some measure of indefiniteness in Murphy's first deed, still there can be no question if after its delivery plaintiffs had timely placed this deed on record it would have afforded complete protection to plaintiffs against the levy thereafter made. 3 Comp. Laws 1929, § 14618 (Stat. Ann. § 27.1582). It seems quite impossible to escape the conclusion that the necessity of plaintiffs satisfying the claim of defendant's judgment creditor was brought about solely by plaintiffs' own negligence in neglecting timely to record the deed from Murphy; and for that reason they are not entitled to recover in this action.

If, as we hold, the first deed given by Murphy conveyed title of this property to plaintiffs, there was no consideration for his second deed; and it is settled law that a covenant is not binding and enforcible except it is supported by adequate consideration.

"It is essential that sufficient consideration exist to support the covenant in order that the law may accord it the force of a valid agreement." 14 Am. Jur. p. 485.

See, also, 2 Tiffany on Real Property (2d Ed.), p. 1624; *Fischer* v. *Union Trust Co.*, 138 Mich. 612 (68 L. R. A. 987, 110 Am. St. Rep. 329); *Wilbur* v. *Warren*, 104 N. Y. 192 (10 N. E. 263); *Calcote* v. *Elkin* (Tenn. Sup.), 15 S. W. 85; *Ex parte Hardin*, 34 S. C. 377 (13 S. E. 615, 13 L. R. A. 723, 27 Am. St. Rep. 820).

In passing it may be noted that since the description in the levy made upon the land was the same as the description contained in Murphy's first deed to plaintiffs, if it were to be found that this description in the deed was inadequate to pass title, then since the levy contained the same description it too was invalid and ineffective. Under such circumstances plaintiffs would not be entitled to recover against defendant on the theory of breach of covenant in consequence of their having paid the claim of his judgment creditor. *Balfour* v. *Whitman*, 89 Mich. 202; *White* v. *Gibson*, 146 Mich. 547.

For the reasons hereinbefore indicated we are constrained to hold that the trial judge reached the wrong conclusion. The judgment entered in the circuit court is reversed, with costs of both courts to appellant.

BUSHNELL, C. J., and POTTER, CHANDLER, and WIEST, JJ., concurred with NORTH, J.

McALLISTER, J. (*dissenting*). Plaintiffs, Hilary Rochford and his wife, Minnie A. Rochford, entered into an agreement with defendant, Jesse A. Murphy, and wife to exchange certain real estate. They gave

a deed of their property to defendant and in return received a deed from defendant and wife. This transaction appears to have taken place October 28, 1935. On January 11, 1936, Mr. Murphy and wife acknowledged and delivered another deed with a corrected description of the same property which he had agreed to transfer to plaintiffs. The first deed received by plaintiffs from Mr. Murphy was not recorded, and prior to receiving the second deed with a corrected description, a judgment creditor of Mr. Murphy filed a levy upon the Murphy property. Plaintiffs thereafter paid the judgment against Mr. Murphy, represented by the levy, and filed suit against defendant Murphy for recovery of the amount so paid for breach of covenant against incumbrances. The trial court entered a judgment in favor of plaintiffs, and defendant appeals.

Plaintiffs' claim is supported by evidence that at the time of the exchange of deeds, plaintiff Rochford stated to defendant Murphy that there was a question about the description in the Murphy deed; and that defendant said that he would later furnish a correct title. Plaintiffs did not go into possession of the property until December 11, 1935. The levy of the judgment creditor had intervened between the exchange of the deeds and the time plaintiffs took possession. By January 11, 1936, plaintiff Hilary Rochford found that the description in the Murphy deed was incorrect, as he had surmised, and thereupon interviewed Mr. Murphy who executed, acknowledged, and delivered a new deed with the correct description. While the deed was dated October 28, 1935, it was acknowledged January 11, 1936. The question before us is whether defendant Murphy is bound by his warranty against incumbrances in the deed acknowledged January 11, 1936, or

whether his liability is limited to the deed which he presented to the plaintiffs on October 28, 1935. If his only obligation of warranty is under the prior deed, he would not be liable because of the incumbrance of levy thereafter attaching to the property; if his warranty of title depends upon the deed acknowledged January 11, 1936, he is liable, as his covenant was against such incumbrance.

The first deed from defendant Murphy to plaintiffs is not in evidence. It was lost; but the fact is of no importance in our determination. It is the rule that the date of acknowledgment upon a predated deed is presumed to be the date of execution and delivery. *Blanchard* v. *Tyler,* 12 Mich. 339 (86 Am. Dec. 57); *Johnson* v. *Moore,* 28 Mich. 3; *Miller* v. *Peter,* 158 Mich. 336. There is no dispute that the latter deed was acknowledged on the date in question. The covenant of warranty became operative upon the delivery and acceptance of the deed by the grantee. At the time Mr. Murphy acknowledged the deed on January 11, 1936, there was no suggestion of any limitation in the covenants of warranty restricting them to a prior date, and defendant was apparently not concerned as to its own protection in so limiting the warranty. If we accept the testimony as true, there was a question with regard to the description of the property at the time the first deed was presented, and plaintiffs' apprehensions of a mistaken description were justified when it was discovered that the description was wrong and Mr. Murphy consented to give a deed with the proper description. There would seem to be no obligation on the part of plaintiffs to record a deed to protect their property interests when they had a justifiable belief that the property was misdescribed. Plaintiffs did not go into possession of the property until after

the levy, of which they were ignorant, had been made. The deed acknowledged by defendant January 11, 1936, must be held to be a conveyance of that date.

Defendant, however, maintains that he had no notice to defend on the covenant and that the payment of the judgment debt by plaintiffs without such notice to him deprives them of any action on the warranty. There is evidence that upon learning of the levy, plaintiffs notified defendant of the situation, and he advised them that he could do nothing about it, and had no money to take care of the judgment.

It is contended, however, by defendant, that no written notice was given to him of proceedings involving validity of the incumbered title and that such notice being required, defendant is not liable in default of receipt thereof, citing *Mason* v. *Kellogg*, 38 Mich. 132. We are of the opinion that defendant cannot complain of lack of notice or opportunity to remove the incumbrance. There was testimony that when it was called to his attention, defendant said that he knew all about it, and that when he was asked to take care of the matter, defendant's answer was that he did not have any money. Under such circumstances the giving of any more formal notice was unnecessary where it appeared that the giving of it would avail nothing and serve no useful purpose.

Judgment should be affirmed, with costs to plaintiffs.

SHARPE and BUTZEL, JJ., concurred with McALLISTER, J.