ADAM W. SNYDER, PLAINTIFF IN ERROR, V. OLIVER A. JENNINGS, DEFENDANT IN ERROR.

1. **New Trial.** When the finding and judgment of the trial court are supported by sufficient evidence a new trial will not be ordered unless prejudicial error affirmatively appears.

2. **Deed:** WARRANTY: POSSESSION. If the grantee of a conveyance of land, without the knowledge or consent of his grantor, surrender possession to one claiming under an adverse title, he cannot thereafter maintain an action upon the covenants of warranty contained in the deed from his grantor, without alleging and proving that the title to which he surrenders is paramount to the title received from his grantor.

3. ———: EVIDENCE: FORGERY. When a deed is introduced in evidence, and it is shown by sufficient testimony that the alleged grantor has been absent from the state and his whereabouts unknown for more than ten years, and a claim of title under such deed is made for the first time, the alleged deed having existed more than twenty-three years, the admission of evidence impeaching the deed as a forgery, *Held*, Competent.

ERROR to the district court for Richardson county. Tried below before DAVIDSON, J.

*E. W. Thomas*, for plaintiff in error, on subject of paramount title, cited: *Thomas v. Stickle*, 32 Ia., 71. *Funk v. Creswell*, 5 Ia., 62. *Hamilton v. Cutts*, 4 Mass., 348. *Sprague v. Baker*, 17 Mass., 585. 2 Wait's Actions and Defenses, 383–388–389. *Cowdrey v. Coit*, 44 N. Y., 392. On forgery of deed, cited: 1 Green. Ev., §§ 569, 574. *Dolph v. Barney*, 14 Am'. L. Reg., 748. *McPherson v. Sanborn*, 88 Ill., 150. *Mulloy v. Ingalls*, 4 Neb., 121.

*Martin & Gilman* and *C. Gillespie*, for defendant in error, cited: *Scott v. Twiss*, 4 Neb., 138. *May v. LeClaire*, 11 Wall., 217. *Mann v. Best*, 62 Mo., 491. *Bragg v.*

*Paulk*, 42 Me., 502.    *Smith v. Dunton*, 42 Ia., 48.    *Filley v. Duncan*, 1 Neb., 134.    *Uhl v. May*, 5 Neb., 160. Starkie on Evidence, 503.    *Duckwall v. Weaver*, 2 Ohio, 13.    Story's Eq. Jurisprudence, § 1520 and note.

REESE, J.

This action was brought by the plaintiff in error against the defendant in error, in the district court of Richardson county, to recover damages for the breach of covenant of title contained in a deed of conveyance of land.    The petition alleges that on the twenty-eighth day of November, 1873, the defendant, by warranty deed containing the usual covenants of warranty, deeded to the plaintiff the land described therein, and that the plaintiff immediately thereafter took possession of the same.    That on the first day of March, 1882, one John P. Johnson, having purchased of Joseph R. Hare the paramount title to said land, demanded possession, and the plaintiff yielded possession and purchased the title held by Johnson for the sum of three hundred dollars, whereby he was damaged, etc.

The answer denies all the allegations of the petition except the sale of the land by defendant to plaintiff and the continued possession and occupancy thereof by plaintiff, and alleges that Joseph R. Hare never was the real owner of the land, but held the title thereto in trust for his brother, Thomas R. Hare, and that said Johnson purchased the interest of Joseph for a nominal sum, with full knowledge of that fact.

The cause was tried to the court without the intervention of a jury, resulting in a finding and judgment for the defendant.    The plaintiff brings the case into this court by petition in error.

A number of alleged errors are assigned by plaintiff, but it is not thought necessary to examine all, as it is well settled that if upon any theory of the case the judgment of

the trial court was correct the decision will have to be upheld.

It appears from the proofs that Joseph R. Hare sold the land in question to Thomas R. Hare, about the fifth day of August, 1858, but by a misdescription in the deed the numbers of this land were omitted, and another tract of land substituted without the knowledge of either of the parties. Joseph never at any time after said conveyance exercised any acts of ownership over the land, nor claimed any interest therein until the ninth day of February, 1882, when Johnson approached him with the purpose of procuring a conveyance of the land to himself. Hare testifies that Johnson told him he would make him a present of twenty-five dollars if he would give him a quit-claim deed to the land, and that he repeatedly told Johnson he had no interest in it and claimed no right to it; that if he had not deeded it to his brother it was an error in the deed. Johnson, in his testimony, admits that the consideration for the conveyance was twenty-five dollars, and that his grantor, Joseph R. Hare, "did not set up any claim" to the land. And the evidence throughout clearly shows that Johnson took his deed with full notice of all the facts, and that Joseph had no interest whatever in said land. He also had notice of all the rights of the plaintiff, who was then in possession of the land under a direct chain of title from Thomas R. Hare.

It cannot be said that Johnson could have maintained an action against plaintiff for this land. Such being the case, plaintiff could not voluntarily surrender to him without notice to the defendant and hold defendant liable on the covenants in his deed.

Plaintiff insists that even if the foregoing be the correct view yet he is entitled to recover one-half the amount alleged to have been paid to Johnson, for the reason that on the fifteenth day of February, 1865, Thomas R. Hare conveyed to Mary Jane Hare, his then wife, the undivided one-

half interest in this land, and that on the twentieth day of January, 1882, after her divorce and remarriage, she conveyed her interest therein to said Johnson. Upon an examination of the plaintiff's petition, we find no reference whatever to any title obtained from or through the deed to Mrs. Hare, but plaintiff's claim is based upon the adverse title of Joseph R. Hare. Hence the court could well and perhaps did conclude that plaintiff depended alone upon the title received through the conveyance from Joseph R. Hare. But, be that as it may, the genuineness of the alleged deed from Thomas R. Hare to his wife was submitted to the court, and "all the issues" being found in favor of the defendant, we conclude the court found this deed to be a forgery, and as there is sufficient evidence to sustain this finding we cannot interfere with it.

The plaintiff assigns for error the admission of the testimony of witnesses tending to show that the signature of Thomas R. Hare to the deed was not his genuine signature. It is insisted that as the deed is accompanied with the certificate of acknowledgment in the usual form, and is attested by the acknowledging officer as subscribing witness, no impeaching testimony was competent except that of the alleged grantor, the acknowledging officer, and the subscribing witness; that if a third person had signed Hare's name in his presence and at his request it would have been sufficient. The evidence shows clearly that Thomas R. Hare has engaged in business to a greater or less extent, and has kept his own books and carried on his correspondence in his own handwriting. The witnesses testify that they have often seen his writing, have seen his signature frequently, and have often seen him sign his name. It is also proven by his relatives that he left this state in 1866, that he corresponded with them until during the year 1870, and that he has not since been heard from by them. Considering the length of time intervening between the date of this deed and the first effort made to claim any rights under it, we

see no error in the ruling of the court in admitting the evidence complained of.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.