## James Balfour v. Frank P. Whitman.

*Covenant—Voluntary payment of illegal tax.*

Where a grantee voluntarily pays a tax, which was a lien upon
the land at the time he received his deed, before any adjudi-
cation as to its validity, and without having been disturbed in
his possession or demanding its payment by his grantor, and
brings a suit upon the covenant against incumbrances, the
grantor may show, as a complete defense, the invalidity of the
tax.

Error to Kent. (Grove, J.) Submitted on briefs
November 20, 1891. Decided December 21, 1891.

*Assumpsit.* Plaintiff brings error. Affirmed. The facts
are stated in the opinion.

*L. G. Rutherford,* for appellant, contended:

1. The tax was *prima facie* valid, and the plaintiff was not called
   upon to investigate, or to defend against the title which *prima
   facie* existed upon it; citing *Byles v. Genung,* 52 Mich. 504;
   and he had a right to pay the tax and maintain his action on
   the covenant; citing *Norton v. Colgrove,* 41 Mich. 545.
2. In order to invalidate a tax, it must be shown that injury has
   resulted to the person assessed. The tax upon land is an
   incumbrance, and the grantee can collect the amount paid,
   with interest; citing 2 Greenl. Ev. § 242; Rawle, Cov. (5th ed.)
   § 77; and, though void, it is a cloud upon the title, and a
   cloud is an incumbrance; citing Cooley, Tax'n, 542; *Frost v.
   Leatherman,* 55 Mich. 37; and if a grantee feel the inconven-
   ience of the existing incumbrance he may pay it, and recover
   on the covenant; citing *Delavergne v. Norris,* 7 Johns. 359;
   *Cole v. Lee,* 30 Me. 392; *Funk v. Creswell,* 5 Iowa, 91.

*L. E. Carroll,* for defendant, contended for the doctrine
of the opinion.

Long, J. This action was brought in the circuit court
for the county of Kent for breach of the covenant of

warranty in a deed. The covenant sued upon is "that the said lands and premises are free from all incumbrances whatsoever."

The cause was tried before the court without a jury, and the court found the facts, and entered judgment in favor of the defendant. The incumbrance sought to be shown was an unpaid tax for the year 1885. This the court found to be an invalid tax, for the reasons set forth in the findings of fact. The testimony upon which these facts were found is not returned in the record, and we must take the findings of fact as true.

There are two assignments of error:

1. That the findings of fact did not sustain the conclusions of law.

2. That upon the facts found the judgment should have been for the plaintiff.

It appeared upon the trial:

1. That the tax existed and was unpaid at the time of the execution and delivery of the deed.

2. That the plaintiff paid the tax voluntarily, and before any proceedings were had to enforce the lien created by it.

3. That the defendant had no notice of the payment of the tax by the plaintiff, and was not called upon to pay it, or remove the cloud thereby created, until long after the payment of the tax by the plaintiff.

4. That no action had been taken against the plaintiff to oust him from his possession of the premises, but that he was in the enjoyment of his quiet and peaceable possession.

5. That plaintiff had conveyed his title to another party before the bringing of this suit.

6. That the tax was illegal, and wholly void, at the time of its payment by the plaintiff.

Under these circumstances, the circuit court was not in error in directing judgment for the defendant.

At the time of the execution of the deed, it is undoubtedly true that the tax, though void, created a cloud

upon plaintiff's title. The plaintiff, however, having voluntarily paid the tax without notice, his grantor would not be estopped in the action on the covenant from showing that the tax was invalid, and not an incumbrance upon the premises. There had been no adjudication upon the validity of the tax at the time the plaintiff paid it. He had not been disturbed in his quiet and peaceable possession, and, so far as appears by the record, had made no demand upon the defendant to pay the tax or remove the incumbrance, if the tax amounted to an incumbrance. It turned out upon the trial that the tax was wholly void, and the court was not in error in concluding, as a matter of law, that plaintiff was not entitled to recover.

The judgment must be affirmed, with costs.

The other Justices concurred.