WILLIAM E. BRUINGTON AND LIZZIE M. BRUINGTON
v. W. M. BARBER.

**No. 12,143.**   (64 Pac. 963.)

SYLLABUS BY THE COURT.

CONVEYANCES—*Breach of Warranty.* Plaintiff's grantors were in possession of a town lot when a tax deed was taken out thereon and placed of record. Seven years thereafter, still being in possession, they conveyed the property to plaintiff by warranty deed containing the usual covenants. *Held,* that the existence of the tax deed did not constitute a breach of any of the covenants of warranty.

Error from Cowley district court; A. M. JACKSON, judge. Opinion filed May 11, 1901. Division one. Reversed.

*Grant Stafford,* and *Madden & Buckman,* for plaintiffs in error.

*Smith & Cogdal,* for defendant in error.

The opinion of the court was belivered by

SMITH, J. : This was an action brought by W. M. Barber to recover damages from the plaintiffs in error for breach of the covenants of warranty in a deed executed and delivered by them to him on May 23, 1893. The deed contains the usual covenants of warranty, seisin, for quiet enjoyment, and against encumbrances. The property conveyed is a town lot. It appears that on the 8th day of September, 1886, one C. M. Scott obtained a tax deed to the lot in controversy, and placed the same on record the day following. At that time the property was occupied by persons who are grantors of the grantors of the plaintiff below, and it has been in their possession and Barber's ever since. In February, 1895, Barber,

purchased the outstanding tax title of Scott, and procured a quitclaim deed from him for the property. In this action he recovered a judgment below against plaintiffs in error for the amount so paid.

The question of law presented on the foregoing facts is whether the tax deed held by Scott vested in him any title to the lot or constituted an encumbrance or charge thereon at the time the warranty deed was executed by the Bruingtons to Barber, in May, 1893.   It is well settled that Scott, the grantee in the tax deed, could not maintain an action to recover the real estate, nor enforce by action his claim for taxes, after his tax deed had been on record two years. (Gen. Stat. 1901, § 4444; *Mitchell v. Lines*, 36 Kan. 378, 13 Pac. 593; *Corbin v. Bronson*, 28 id. 532; *Coale v. Campbell*, 58 id. 480, 49 Pac. 604.)

Counsel for defendants in error in their brief say:

"While defendants in error will admit that the tax-title holder, C. M. Scott, in the case at bar could have obtained no rights under his tax deed under the statutes of Kansas, we do contend that this tax deed was a cloud upon the title of the real estate in question, as it affected Barber, and such a cloud as would affect the market value of the land, and such a cloud as would prevent the defendant in error from conveying a good title, or that would prevent him from borrowing money upon the same."

The buying in of an invalid tax claim will not entitle the purchaser, who is the grantee in the warranty deed, to recover the amount paid from his warrantor. (2 Devl. Deeds, § 928; *Cummings v. Holt*, 56 Vt. 384; *McInnis v. Lyman*, 62 Wis. 191, 22 N. W. 405; *Balfour v. Whitman*, 89 Mich. 202, 50 N. W. 744; *Gleason v. Smith*, 41 Vt. 293; *Snyder v. Jennings*, 15 Neb. 372, 19 N. W. 501; *Robinson v. Bierce*, 102 Tenn. 428, 52 S. W. 992; *Luther v. Brown*;

66 Mo. App. 227.) Barber paid for a title which had no foundation in law, the existence of which furnished no basis for a successful attack on his ownership or possession. The assertion of title by Scott under his tax deed, while it might have given Barber some apprehension and feeling of insecurity, in fact exposed him to no hazard. He could not have been evicted thereunder.

The judgment of the court below will be reversed and a new trial ordered.

DOSTER, C. J., ELLIS, POLLOCK, JJ., concurring.