## GEORGE A. LOWE COMPANY v. SIMMONS WARE-HOUSE COMPANY.

No. 2226.   Decided September 9, 1911 (117 Pac. 874).

1. COVENANTS—DEFENSES.  The grantor in an action for breach of a covenant of warranty against incumbrances by the existence of taxes on the land conveyed cannot complain that the assessor segregated the part of the land purchased from the part retained by it where such action was taken at the grantor's suggestion. (Page 397.)

2. COVENANTS — COVENANTS  AGAINST  INCUMBRANCES — BREACH— TAXES.  In view of the statutes providing, in effect, that a lien for taxes attaches as of the second Monday in January of each year, a tax lien was an incumbrance within a covenant against incumbrances upon realty purchased after that date; and a contention that there was no breach of covenant until the tax became delinquent and the property was sold was untenable. (Page 398.)

3. COVENANTS—COVENANTS AGAINST INCUMBRANCES—BREACH—TIME. The grantee, to protect the warranted title, could pay an outstanding tax against the conveyed land after the grantor had refused to pay it, and was not bound to wait until the property had been sold for delinquency in order to sue for breach of covenant against incumbrances.   (Page 398.)

4. COVENANTS — ACTIONS — DAMAGES — COVENANTS AGAINST INCUM BRANCES—ATTORNEY'S FEES.  As a rule, in an action for breach of covenants against incumbrances, where plaintiff has extinguished the incumbrance, he may recover a reasonable price necessarily paid for that purpose with interest if this does not exceed the amount paid the covenantor or the value of the property, but cannot recover an attorney's fee incurred in an action against the grantor for the breach.   (Page 399.)

APPEAL from District Court, Second District; *Hon. J. A. Howell.* Judge.

Action by George A. Lowe Company against the Simmons Warehouse Company.

Judgment for plaintiff. Defendant appeals.

MODIFIED AND REMANDED FOR JUDGMENT FOR PLAINTIFF AS STATED.

*H. H. Henderson* for appellant.

*J. M. Kimball* for respondent.

STRAUP, J.

The plaintiff on the 26th day of January, 1909, purchased from the defendant a parcel of land 69 by 228 feet in Ogden City. The deed was made and delivered on the 11th day of February of the same year. It was a statutory short-form warranty deed. Such a deed has the effect of warranting the premises conveyed free from all incumbrances. The controversy is over the taxes for the year 1909. The defendant claimed that they were no lien on the property at the time of the purchase and conveyance, and refused to pay them. The plaintiff paid them, and then brought this action on breach of warranty to recover from the defendant the amount paid by plaintiff, with interest and an attorney's fee. The plaintiff was given a judgment for the full demand, from which the defendant has prosecuted this appeal.

Three questions are presented: (1) Were the taxes an incumbrance when the land was purchased? (2) If so, was there a breach before the taxes became delinquent and the property sold for nonpayment of them? (3) Was the plaintiff entitled to an attorney's fee as part damages?

Under our tax laws the assessor is required "before the first Monday of May in each year" to ascertain the names of all taxable inhabitants and all property in the county subject to taxation, and to "assess such property to the person by whom it was owned or claimed or in whose possession or control it was at twelve o'clock m. of the second Monday in January next preceding and its value on that date." Before the first Monday in May the assessor is required to list in the assessment book all taxable property in the county,

the name of the person to whom it is assessed, a description of the property, and its cash value. Before the first Monday in May the assessor must deliver the assessment book to the treasurer, who is required to furnish a notice to each taxpayer. Between the first and the fourth Monday in June, the board of county commissioners is required to examine the assessment books and equalize the assesment of property in the county, and is given power to increase or lower any assessment contained in the assessment book to make and enter new assessments, and between the first Monday in July and the second Monday in August to fix the rate of county taxes. Before the first Monday in August the State Board of Equalization is required to determine the rate of state taxes. In the month of July city councils and boards of trustees are required to determine the rate of the general city or town tax, levy the same, and certify the rate and levy to the county auditors. Taxes are due on the first Monday in September, and become delinquent on the 15th of November. On the 15th day of December the treasurer is required to expose for sale sufficient of the delinquent real estate to pay the taxes and costs. It is further provided that "every tax upon real property is a lien against the property assessed; and every tax due upon improvements upon real estate assessed to others than the owner of the real estate is a lien upon the land and improvements; which several liens attach as of the second Monday in January in each year."

The property purchased by the plaintiff from the defendant was a part of a larger tract owned by the defendant. The whole of the tract, including the portion sold to the plaintiff, was assessed for the year 1909 in the name of the defendant. The defendant, claiming that it was not liable for the taxes on the portion sold to the plaintiff, requested the assessor to segregate such portion from the portion still owned by it. The assessor so segregated the property in the latter part of October, determined the tax due on the portion sold to the plaintiff, and sent it a notice, and on the 2d day of November it paid the tax,

after a demand on the defendant to pay it, and its refusal to do so. The defendant now contends that the assessor had no authority to make such segregation at the time when it was made. It cannot be heard to complain of that, for the assessor's action in that regard was induced by and was taken on the defendant's request.

Its chief contention, however, is that the tax, not assessed and levied, the rate not determined, and the tax not due until after the purchase by plaintiff, was not a lien on the property when the purchase was made, and that a tax or an assessment cannot become a lien or incumbrance upon real estate within the covenant of warranty until the tax is assessed and levied, and the amount thereof ascertained. The case of *Dowdney v. Mayor, etc.,* 54 N. Y. 186, supports such a view. We think that would be true here were it not for the statute providing that the lien attaches "as of the second Monday in January of each year." Plaintiff's purchase was after that. Because of the statute we think the taxes for the year 1909 were a lien on the property conveyed, and constituted an incumbrance within the covenants of warranty. (*Blossom v. Van Court,* 34 Mo. 390, 86 Am. Dec. 114; *McLaren v. Sheble,* 45 Mo. 130; *Martin County v. Drake,* 40 Minn. 137, 41 N. W. 942; *State v. Northwestern Tel. Exch. Co.,* 80 Minn. 17, 82 N. W. 1090.)

The further contention that no breach arose until after the tax became delinquent and the property exposed to sale, or until the plaintiff was evicted, is, under the circumstances, untenable. The plaintiff paid the tax a month after it was due, and after the defendant itself had refused to pay it and had disclaimed all liability in respect of it. The plaintiff, to protect the title which the defendant had warranted to it, was not required, under the circumstances, to sit by and wait until the tax became delinquent and the property sold, but was entitled to pay it after it became due and after the defendant had refused to pay it, and to protect the title with as little expense as possible. (*McFarland & Dupree v. Leahman et al.,* 38 La. Ann. 351; *Maloy v. Holl, et al.,* 190 Mass. 277, 76 N. E. 452; *Witte v. Pigott*

[Tex. Civ. App.], 55 S. W. 753.) That the plaintiff did, and that was its duty. Neither the case of *Bruington v. Barber,* 63 Kan. 28, 64 Pac. 963, nor *Leddy v. Enos,* 6 Wash. 247, 33 Pac. 508, make against such a view. In the first the tax title which the vendee purchased was itself invalid, and therefore furnished no basis for a successful attack on the vendee's ownership or possession. In the second, the covenantee did not rely on the implied warranties of the statute, but on the warranties stated and expressed in the deed of conveyance. The failure to pay the taxes complained of was held not to be a breach of the expressed warranties.

The court, in addition to allowing the plaintiff a judgment for the amount of taxes paid by it and interest, also allowed seventy-five dollars attorney's fee. We do not see any authority to allow an attorney's fee. In some jurisdictions attorney's fees incurred by the covenantee in an action defending or asserting his title in good faith are recoverable by him from the covenantor in a subsequent action on the covenant. (8 Am. & Eng. Ency. L. [2d Ed.], 190; 11 Cyc. 1178.) But counsel fees in the action against the covenantor are not. (11 Cyc. 1178.)

As a general rule, in an action for breach of the covenant against incumbrances, where the plaintiff purchased or extinguished the outstanding incumbrance, he is entitled to recover with interest the reasonable price which he fairly and necessarily paid for it, provided it does not exceed the amount paid by him to the covenantor or the value of the estate. (11 Cyc. 1165; 14 Cent. Dig., section 240; 6 Dec. Dig., section 132.) We think he is not entitled also to attorney's fee in the action against the covenantor for breach of the covenant.

The judgment of the court below is therefore modified in that particular, and the case remanded, with directions to enter a judgment in favor of the plaintiff for the amount paid by it, with interest, and costs. Neither party is given costs on the appeal.

FRICK, C. J., and McCARTY, J., concur.