BOOTHE v. WYATT et al.

No. 3341. Decided June 25, 1919. (183 Pac. 323.) Rehearing
Denied August 19, 1919.

1. COVENANTS — AGAINST INCUMBRANCES — LIABILITY — "INCUM-
   BRANCE." Where the purchaser of land demanded a warranty
   deed to protect himself against incumbrances, in the absence of
   any exception from the covenants that such a deed imports under
   Comp. Laws 1917, section 4881, the grantors must answer for
   damages sustained by the grantee by reason of the incumbrance
   of a materialman's lien existing at execution of the deed, "in-
   cumbrance," as used in a deed, meaning every right to or

interest in the land which may subsist in third persons to the diminution of its value, but consistent with the passing of the fee, though the sale of the premises had not been directly from the grantors to the grantee, but there had been an intermediate sale; the conveyance being made directly to save expense. (Page 554.)

2. COVENANTS—JUDGMENT AS EVIDENCE OF PARAMOUNT RIGHT. In a grantee's action to recover from his grantors damages sustained by reason of the foreclosure of a materialman's lien, the deed having covenanted against incumbrances, finding of the trial court in the case of the materialman against the grantee and the parties from whom he had purchased, themselves purchasers from the grantors, *held* conclusive as to the fact that the materialman's lien was an incumbrance against the premises. (Page 555.)

Appeal from District Court, First District, Box Elder County; *J. D. Call*, Judge.

Action by Willis H. Boothe, wherein Willis H. Boothe, Jr., executor of the last will and testament of Willis H. Boothe, was substituted as plaintiff, against E. M. Wyatt and Olive Wyatt, his wife, and H. W. Wyatt and Mattie Wyatt, his wife. From judgment dismissing the complaint, plaintiff appeals.

REMANDED with directions to enter judgment in plaintiff's favor.

*William Lowe* of Brigham, for appellant.

*B. C. Call* of Brigham, for respondents.

CORFMAN, C. J.

This action was begun in the district court for Box Elder county by Willis H. Boothe to recover from the defendants $857.80 actual damages and $1,000 special damages alleged to have been sustained by reason of the foreclosure of a materialman's lien on certain real property conveyed to him by the defendants by warranty deed. After the commencement of

the action W. H. Boothe died. Thereupon W. H. Boothe, Jr., was substituted as plaintiff, and the case was thereafter prosecuted by him in his representative capacity.

It is in substance alleged by the complaint that on January 10, 1914, the defendants, for the consideration of one dollar and other good and valuable consideration to them paid, granted to the plaintiff by deed certain premises (particularly described) situate at Tremonton, Box Elder county, Utah; that the deed, which was attached to and made a part of the complaint, contained the covenant on the part of the defendants that the premises were free from incumbrances, but, to the contrary, were incumbered for the value of certain materials furnished and used in the construction of improvements thereon for which the materialmen on or about June 16, 1914, filed a lien to secure payment; that said lien was duly foreclosed in said court by an action brought by the materialmen against the defendants and plaintiff herein, whereupon the plaintiff, on July 11, 1916, paid the judgment amounting to $804.80 and costs, in all aggregating $847.80, the actual damages sued for in this action.

The answer admits the execution of the deed, expressly denies any consideration therefor, denies generally the other allegations of the complaint, and for an affirmative defense alleges that on or about June 1, 1913, the defendants and D. S. Lohr and his wife, H. E. Lohr, entered into an agreement whereby the defendants agreed to sell and convey the said premises to the said Lohrs for the sum of $300; that thereafter, in the fall of 1913, the said Lohrs made and entered into an agreement to sell a part of said premises with certain improvements they had made thereon to W. H. Boothe (plaintiff's testator); that on or about January 10, 1914, the said Lohrs had completed the payment of the purchase price for the said premises, and in order to save expense of making and recording a deed from the defendants to the Lohrs and then from the Lohrs to W. H. Boothe a deed for said property was made by the defendants direct to W. H. Boothe; that the defendants in no way contracted for or purchased the materials used in the construction of the buildings on said prem-

ises nor authorized any incumbrance to be placed thereon, with knowledge or otherwise.

A reply was made denying the affirmative allegations of the complaint and alleging that W. H. Boothe, plaintiff's testator, paid the Lohrs $4,800 for the premises thus conveyed to him by the defendants.

Trial to the court without a jury resulted in findings and a judgment in defendants' favor dismissing the plaintiffs' complaint. Motion for a new trial was made and denied. Plaintiff appeals.

For reversal of the judgment plaintiff assigns as errors the admission and rejection of certain testimony, and that the findings of fact, conclusions of law, and the judgment are not supported by the evidence in the case, and that the same are against law.

The evidence, briefly stated, shows that in 1913 the defendants sold the premises in question, with other lands, while unimproved, to D. S. Lohr. A deed was then made by the defendants to H. E. Lohr, the wife of D. S. Lohr, and placed in escrow at the State Bank of Tremonton, to be delivered on payment of the purchase price. On January 10, 1914, the Lohrs had completed payment of the purchase price, and meanwhile had constructed on a part of the premises valuable improvements for, which the Wilson Lumber Company had furnished material, unpaid for, of the value of $652.85. The testimony is not altogether clear as to whether or not the deed from the defendants to the wife of D. S. Lohr was ever delivered to her out of escrow. However, the Lohrs had then sold or exchanged the premises in question, with improvements thereon, to W. H. Boothe for a consideration of $5,000, and for the purpose of saving the expenses of an additional transfer the deed from the defendants to the wife of D. S. Lohr was destroyed, and at the request of the Lohrs the deed here in question was made and delivered by the defendants directly to W. H. Boothe for the premises purchased by him from the Lohrs. Subsequently, June 16, 1914, the Wilson Lumber Company filed a lien against the premises thus conveyed to W. H. Boothe for materials, the last of

which was furnished the Lohrs for the construction of buildings thereon May 31, 1914.

On March 23, 1915, the Wilson Lumber Company commenced an action for the foreclosure of their lien against the Lohrs, the defendants, and W. H. Boothe, wherein a judgment and decree of foreclosure was rendered and entered for the amount of the actual damages sued for and theretofore paid by W. H. Boothe, plaintiff's testator, in order to discharge said indebtedness against the premises so conveyed to him by the deed of the defendants.

There was no testimony tending to show that any special damages were sustained by the plaintiff by reason of the incumbrance found and adjudged against the premises in the suit for the foreclosure of the materialman's lien.

The warranty deed from the defendants to the plaintiff for the premises in question is in the usual form, authorized by Comp. Laws Utah 1917, section 4881, which provides:

"Such deed, when executed as required by law, shall have the effect of a conveyance in fee simple to the grantee, his heirs, and assigns, of the premises therein named, together with all appurtenances, rights and privileges thereto belonging, with covenants from the grantor, his heirs, and personal representatives, that he is lawfully seized of the premises; that he has good right to convey the same; that he guarantees the grantee, his heirs and assigns in the quiet possession thereof; that the premises are free from all incumbrances; and that the grantor, his heirs, and personal representatives will forever warrant and defend the title thereof in the grantee, his heirs, and assigns, against all lawful claims whatsoever. Any exception to such covenants may be briefly inserted in such deed following the description of the land."

The testimony conclusively shows that plaintiff's testator in taking the deed from the defendants had no knowledge of any incumbrance against the premises thereby conveyed. He demanded a warranty deed to protect himself against incumbrances, and, in the absence of any exception to the covenants that such a deed imports, the defendants giving it must be held to answer for all damages sustained by him by reason of incumbrances against the premises conveyed at the time of the execution of the deed. 11 Cyc. page 1066.

The term "incumbrance," as used in a deed of conveyance, must be held and is generally regarded and interpreted to mean "every right to or interest in the land which may subsist in third persons, to the diminution of the value of the land, but consistent with the passing of the fee by the conveyance." Rawle on Covenants of Title (5th Ed.) section 75; *Post* v. *Campau*, 42 Mich. 90, 3 N. W. 272.

It is urged by respondents that there was no valid lien against the premises at the time of the execution of the deed. We think the finding of the trial court in the case of Wilson Lumber Company, above referred to, that the Wilson Lumber Company "furnished to the defendant D. S. Lohr, at his special instance and request, lumber and building materials for the construction of said buildings, and which said lumber and materials were in fact used for said purposes, between the said 7th day of November, 1913, and the last day of May, 1914, of the reasonable value of $874.41, and that no part of said sum has been paid, except the sum of $221.56, and that there is now due and owing to the plaintiff for the said lumber and materials so furnished the sum of $652.85," for which judgment was rendered including interest, costs, and disbursements, in all aggregating $804.80, must be held conclusive as to the fact that the same was an incumbrance against the premises conveyed by the defendants. *Lowe Co.* v. *Warehouse Co.*, 39 Utah, 395, 117 Pac. 874, Ann. Cas. 1913E, 246.

It follows from what has been pointed out that the trial court erred in admitting the testimony, over plaintiff's objection, tending to show the character of the dealings of the defendants with the Lohrs with respect to the property involved. In view of the fact that the defendants conveyed the premises to the plaintiff by warranty deed, without exception to the covenants the deed imports, they must be held to answer for the actual damages sustained and proven by the plaintiff, amounting to $847.80, and as prayed for in the complaint, and the trial court erred in dismissing plaintiff's action.

It is therefore ordered that the case be remanded, with di-

rections to enter judgment in plaintiff's favor for $847.80, the actual damages sustained by him in discharging the incumbrance against the property, together with interest and costs; costs of this appeal to be taxed against respondents.

FRICK, WEBER and THURMAN, JJ., concur.

GIDEON, J.

I concur in the order reversing the judgment. I also concur in the order directing the district court to enter judgment for the plaintiff. I do so, however, not upon the error of the court in admitting incompetent or hearsay testimony, but what I conceive to be the erroneous conclusions of law deduced by the district court from its findings of fact. The findings made by the court are substantially the same as the statement of facts contained in the opinion of the Chief Justice. From such findings the court concluded as a matter of law that the plaintiff was not entitled to recover. In that I think the court was in error. The findings of fact, in my opinion, support a judgment for the plaintiff, and do not support a judgment for the defendant. For these reasons I concur in the order directing a judgment for plaintiff. If I did not think the findings of fact as made by the trial court supported and authorized a judgment for the plaintiff, I should decline to concur in the order directing the lower court to enter a judgment.