566 P.2d 105

**The TRAVELERS INSURANCE CO., an Insurance Corporation, Plaintiff-Appellee,**

v.

**Isabelle P. MONTOYA, Defendant-Appellant,**

**Telesfor F. Padilla, Jr., Alex Padilla, Theresa Pohl, Stella Garcia and Barbara Sanchez, Defendants.**

**No. 2833.**

Court of Appeals of New Mexico.

June 7, 1977.

Jacob Carian, Carian, Casey & Carian, Albuquerque, for appellant.

Richard C. Civerolo, Civerolo, Hansen & Wolf, Albuquerque, for defendants.

Charles B. Larrabee, Rodey, Dickason, Sloan, Akin & Robb, P. A., Albuquerque, for appellee.

OPINION

WOOD, Chief Judge.

The appeal involves the propriety of dismissing a counterclaim against the stakeholder in an interpleader action brought under Civil Procedure Rule 22.

Telesfor F. Padilla had life insurance under a group policy issued by plaintiff. In the fall of 1975 Padilla changed the beneficiary of the life insurance to his daughter, Isabelle P. Montoya. Padilla died in June, 1976. Plaintiff was put on notice of conflicting claims to the insurance proceeds. Plaintiff filed an interpleader action naming Padilla's children as defendants. Plaintiff also paid the life insurance proceeds into the registry of the trial court. Although the briefs discuss whether interpleader was proper under the facts alleged in the pleadings, there is no issue as to the propriety of the interpleader action. The trial court's order authorizing the action has not been challenged in the appeal.

The pleadings show two claimants to the life insurance proceeds—daughter Montoya and the other children. Each claimant has cross-claimed against the other claimant; this appeal does not involve the cross-claims.

Montoya filed a counterclaim against plaintiff. The counterclaim alleged that plaintiff's failure to pay the life insurance proceeds to her was wilful, wanton and in bad faith. In addition to the life insurance proceeds, Montoya sought compensatory damage for loss of use of the money and punitive damages.

New Mexico recognizes a tort claim for unreasonable delay, in bad faith, in making payments pursuant to the insurance contract. See *State Farm General Insurance Company v. Clifton*, 86 N.M. 757, 527 P.2d 798 (1974); *Chavez v. Chenoweth*, 89 N.M. 423, 553 P.2d 703 (Ct.App.1976). Thus, Montoya's counterclaim against plaintiff seeks a recovery in tort in addition to the life insurance proceeds. With such a recovery being sought, cases dismissing counterclaims, on the basis that only the stake of the interpleader was involved, do

not apply. See *Metropolitan Life Insurance Company v. Jackson*, 178 F.Supp. 361 (D.C. Penn.1959); *Old Colony Insurance Company v. Lampert*, 129 F.Supp. 545 (D.C.New Jersey 1955).

Plaintiff moved to dismiss Montoya's counterclaim "on the ground that said counterclaim fails to state a claim upon which relief can be granted." The motion was granted, the counterclaim was dismissed, Montoya appealed.

Plaintiff's motion to dismiss was authorized by Civil Procedure Rule 12(b)(6). The motion, however, is properly granted only if it appears that Montoya could not recover under any state of facts provable under her counterclaim. *Villegas v. American Smelting & Refining Co.*, 89 N.M. 387, 552 P.2d 1235 (Ct.App.1976) and cases therein cited. Since New Mexico recognizes the tort claim asserted by Montoya, the order of dismissal cannot be sustained on the basis that the counterclaim failed to state a claim upon which relief could be granted.

Plaintiff's position is "that the court had no jurisdiction to entertain a counterclaim in this interpleader action and that defendant . . . Montoya had no right to file one." This position is based on the view that plaintiff, as stakeholder with adverse claimants to the insurance proceeds, is not an opposing party against whom a counterclaim can be filed. Plaintiff points out that the rule concerning compulsory counterclaims, Civil Procedure 13(a), requires an "opposing party". To support its claim that it is not an opposing party, plaintiff cites three decisions of the Tenth Circuit. They are: *Knoll v. Socony Mobil Oil Company*, 369 F.2d 425 (10th Cir. 1966); *Erie Bank v. United States District Court for Dist. of Colo.*, 362 F.2d 539 (10th Cir. 1966); *First National Bank in Dodge City v. Johnson County National Bank and Trust Co.*, 331 F.2d 325 (10th Cir. 1964).

The Tenth Circuit decisions on which plaintiff relies were partially overruled in *Liberty National Bank and Trust Co. of Oklahoma City v. Acme Tool Division of*

*Rucker Co., et al.,* 540 F.2d 1375 (10th Cir. 1976). This decision points out that the Tenth Circuit rule as to counterclaims stands alone; this decision overruled the above-named Tenth Circuit decisions to the extent that they deny the interposing of a compulsory counterclaim in an interpleader action.

As to the plaintiff's claim that it is not an opposing party, 7 Wright and Miller, Federal Practice and Procedure (1972), § 1715, page 448 states: ". . . inasmuch as the stakeholder's discharge will bar the claimant from asserting any rights against him related to the deposited fund or property, as a practical matter there really is an antagonistic relationship between them."

The applicable rule, in our opinion, is stated in 3A Moore's Federal Practice (1974), ¶ 22.15 at pages 3129–3130, as follows:

"The interpleader court may properly be employed as a forum to resolve not only the basic title contest between claimants, but also other disputes between the claimants, or between a claimant and the stakeholder. Thus, an allegation by one or more claimants that the stakeholder plaintiff is subject to an independent liability may be raised as a counterclaim under Rule 13; indeed, in the typical case such a counterclaim is compulsory. . . The stakeholder-plaintiff, having initiated the interpleader action, and subjected itself thereby to the personal jurisdiction of the court, cannot complain if a claimant's answer seeks to interpose a counterclaim for relief in excess of or different from the subject matter of the interpleader dispute."

Plaintiff asserts that even under the above rule Montoya cannot recover on her counterclaim because there was no bad faith on plaintiff's part in failing to pay the insurance proceeds to Montoya. The correctness of this contention is not before us because it depends on the facts. The facts have not been reached because plaintiff obtained a dismissal of the counterclaim on the basis of the pleadings.

Oral argument is unnecessary. The trial court erred in dismissing Montoya's counterclaim on the pleadings. Its order of dismissal is reversed. The cause is remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

HENDLEY and HERNANDEZ, JJ., concur.