Roger Lee BREWER et al., Plaintiffs and Respondents,

v.

William Chad PEATROSS et al., Defendants and Appellants.

No. 16027.

Supreme Court of Utah.

May 3, 1979.

---

Gayle F. McKeachnie, Clark B. Allred, Vernal, for defendants and appellants.

George E. Mangan, Roosevelt, for plaintiffs and respondents.

CROCKETT, Chief Justice:

Plaintiffs, as grantees, of building lots conveyed to them by the defendants by warranty deed, brought this action for breach of warranty because of assessments levied on their property by a Special Improvement District established by the City of Roosevelt.

The plaintiffs contend that the creation and operation of the Special Improvement District constituted an encumbrance upon the property within the district, and that when the defendants thereafter conveyed lots located inside the district to the plaintiffs, the implied covenant against encumbrances contained in the deeds was breached. The defendants contend to the contrary, that the mere creation of the special improvement district did not constitute an encumbrance upon the lots, and that no encumbrances attached to the property until the Improvement District assessment was actually levied thereon.

The case was tried to the court and upon the basis of its findings as to the defendants' actual knowledge of facts, as hereinafter set forth, it held that there were encumbrances against the property by reason of which the defendants were liable for breach of the warranty in their deeds.

Early in 1974 the Roosevelt City Council decided to make improvements, including the paving of streets, installation of sidewalks, curb and gutter in certain areas for residential development. In February, 1974, acting in accord with statutory authorization[1] the City caused to be published in a local newspaper a Notice of Intent to create the Special Improvement District, indicating that assessments would be levied on the properties in the proposed district for the cost of the improvements. Thereafter, in April 1974, the City Council adopted a resolution which created the Roosevelt Special Improvement District No. 1. The resolution also provided that the City was authorized to levy assessments upon the property for the cost of the improvements. In May of 1974 Roosevelt City proceeded to

1. Section 10–16–1, et seq., U.C.A.1953.

award contracts and construction of the improvements in the district began.

It was after the foregoing occurrences, that is, between October 1974 and December 1975, that the plaintiffs purchased lots in the subdivision which the defendants conveyed to them by warranty deeds. At the time of those conveyances the improvements in the district were in various stages of completion, but there had neither been any actual levy of any assessment for the improvements, nor any recordation of the improvement district with the county recorder.

■ There is no doubt about the soundness of the proposition relied upon by the plaintiffs: that a warranty deed has the effect of guaranteeing that the title conveyed is free from encumbrances.[2] In arguing that there were no encumbrances on these properties, the defendants place emphasis on these propositions: that by our statute a lien against property within an improvement district does not attach until an ordinance levying an assessment for the improvements becomes effective.[3] They point out that it was not until October 7, 1976, which was long after the warranty deeds had been executed, and after the completion of the improvements and the determination of cost, that such an assessment ordinance became effective and it was not until November 1, 1976, that the assessment ordinance was recorded in the Duchesne County Recorder's office.

■ In regard to the defendants' argument that there was no encumbrance on the property because the assessment ordinance had not become effective nor created as a lien by the statute, it is appropriate to note that the term "encumbrance" is more comprehensive than "lien."[4] For instance, mortgages, tax liens, labor and materialmen's liens, are encumbrances, but without expatiating thereon, there are some encumbrances upon property which are not liens.[5] An encumbrance may be said to be any right that a third person holds in land which constitutes a burden or limitation upon the rights of the fee title holder.[6]

■■ The question as to whether there is an encumbrance on property must depend upon the facts as they exist at the time the warranty deed is delivered, and not upon subsequent occurrences.[7] We see no reason to disagree with the argument made on defendant's behalf that the mere existence of such an improvement district does not necessarily constitute an encumbrance. In order to do so, such a district must have progressed to the point that the fact that there is some burden upon the property is either discoverable from the record, or the circumstances are such that the grantor either had or should have had knowledge that there was such a burden.

■ In this case the trial court based its decision on the particular facts found by it: that when the deeds were executed, the defendants had actual knowledge of the existence and purpose of the improvement district; that they were aware that the improvements were in various stages of completion; and that the costs being incurred were to be assessed against the properties in question. Moreover, there was evidence that when plaintiff purchasers inquired as to whether the purchase price of the lots included the improvements, they were assured that it did. The trial court also expressly found that the plaintiffs "did not understand at the time that they received their respective deeds from the defendants that they would have to pay the cost of improvements being installed."

2. It is so provided by our statute Sec. 57–1–12, U.C.A.1953, that a warranty deed covenants that the property is free from all encumbrances and that any exceptions are to be inserted in such deed.

3. Section 10–16–23, U.C.A.1953.

4. 6 Thompson on Real Property, 1962 Replacement, Section 3183.

5. E. g. rights of way, easements, restrictive covenants.

6. See *Booth v. Wyatt,* 54 Utah 550, 183 P. 323.

7. 6 Powell on Real Property, ¶ 907.

On the basis of the facts as found by the trial court, and of our discussion herein of the applicable law, we are not persuaded that the defendants have sustained the burden which is theirs of showing that the judgment of the trial court was in error.

Affirmed. Costs to plaintiffs (respondents).

MAUGHAN, WILKINS, HALL and STEWART, JJ., concur.