Henry J. ESPINOZA and Beatrice R. Espinoza, his wife, Plaintiffs and Appellants,

v.

SAFECO TITLE INSURANCE CO., Fredrick Louis Gilman and Nilda Gilman, his wife, Defendants and Respondents.

No. 15999.

Supreme Court of Utah.

July 9, 1979.

---

Lyle J. Barnes, Kaysville, for plaintiffs and appellants.

Richard A. Rappaport, Thomas N. Crowther, Salt Lake City, for defendants and respondents.

WILKINS, Justice:

Plaintiffs appeal from summary judgment dismissing their complaint by the District Court, Davis County. Affirmed. Costs to defendants.

Plaintiffs purchased real property from Defendants Gilman, who provided title insurance issued by Defendant Safeco Title Insurance Co., (hereafter, "Safeco"). Thereafter, a defect in the title, in the form of a tax lien filed against the property by the Internal Revenue Service, was discovered by plaintiffs, who informed Safeco of the defect. Plaintiffs assert that Safeco proposed to do nothing to clear the title except to wait for the expiration of the six-year statute of limitation,[1] which had two years to run. Being dissatisfied with this proposal, plaintiffs sent Safeco a letter demanding that it honor the terms of its policy, and initiated this action thirty days thereafter.

Safeco acknowledged liability, and negotiated with the Internal Revenue Service for release of the lien, culminating in payment by Safeco of the tax, and release of the lien by the Internal Revenue Service, approximately five months later. Defendants then moved for dismissal of the complaint by summary judgment. At the hearing on the motion, plaintiffs acknowledged that the defect was cleared, but asserted a right against all defendants for payment of their attorney's fees in connection with this action.

---

1. Internal Revenue Code, § 6502(a)(1).

Plaintiffs contend that Defendants Gilman breached the Earnest Money Agreement initially entered into between plaintiffs and Gilmans by reason of their failure to convey clear title. That agreement provides that a defaulting party is liable for costs of enforcing the agreement, including reasonable attorney's fees. But the agreement contains the standard clause by which it became abrogated by execution and delivery of the final agreement, that is, the deed and policy of title insurance.

▬▬▬ Attorney's fees are not chargeable to an opposing party generally unless there is contractual or statutory liability therefor.[2] There is neither here. The terms of the Earnest Money Agreement were merged into the deed and extinguished upon delivery thereof.[3] Though the deed contains warranties against encumbrances, it does not provide for the payment of attorney's fees in an action for damages upon breach of the warranties. It has long been the law in this State that reasonable attorney's fees are recoverable as damages against the grantor of a Warranty deed when those fees are incurred by the grantee in defending title and where the grantor has had notice of the pending action and has refused to defend.[4] But no attorney's fees are allowable against the grantor which are incurred in the action to recover such damages against said grantor.[5]

▬▬▬ Plaintiffs next contend that Defendant Safeco is liable for attorney's fees by the terms of the title insurance policy, which provides:

Subject to the exclusion from coverage, the exceptions contained in Schedule B and the provisions of the conditions and stipulations hereof, Safeco Title Insurance Company, . . . insures, . .

against loss or damage, . . . and costs, attorney's fees and expenses which the Company may become obligated to pay hereunder, sustained or incurred by the insured by reason of:

. . . 2 Any defect or lien or encumbrance on such title.

And, under the Section entitled "Conditions and Stipulations," the policy contains this clause:

6(b). The Company will pay, in addition to any loss insured against by this policy, all costs imposed upon an insured in litigation carried on by the Company for such Insured, and all costs, attorney's fees, and expenses in litigation carried on by such Insured by the written authorization of the Company.

Plaintiffs argue that the above two paragraphs are inconsistent and ambiguous and should be construed against Safeco which provided the policy. The District Court found no ambiguity in these paragraphs, nor do we. The terms of the first paragraph quoted above, are expressly stated to be subject to the Section entitled "Conditions and Stipulations," in which paragraph 6(b) is found. The latter paragraph is therefore controlling.

▬▬▬ Safeco argues that this litigation was unnecessary and premature,[6] and as it was undertaken without its authorization it was not chargeable with attorney's fees in connection with it. This position is consistent with the provisions of paragraph 6(b). There is no provision in the policy by which Safeco agreed to pay attorney's fees incurred in litigation against the insurer itself. By paragraph 6(b) Safeco agreed to pay only such fees incurred in litigation against third parties as is specifically autho-

---

2. *Stubbs v. Hemmert,* Utah, 567 P.2d 168 (1977); *Walker v. Sandwick,* Utah, 548 P.2d 1273 (1976).

3. *Stubbs v. Hemmert,* supra, note 1; *Rasmussen v. Olsen,* Utah, 583 P.2d 50 (1978); *Bowen v. Olsen,* Utah, 576 P.2d 862 (1978).

4. *Van Cott v. Jacklin,* 63 Utah 412, 226 P. 460 (1924).

5. *George A. Lowe Co. v. Simmons Warehouse Co.,* 39 Utah 395, 117 P. 874 (1911).

6. Plaintiffs were not damnified at the time they instigated this action, as the Internal Revenue Service had not taken steps to execute on its lien. See *Forrer v. Sather,* Utah, 1979, 595 P.2d 1306; *Pacific Bond and Mortgage Co. v. Rohn,* 101 Utah 335, 121 P.2d 635 (1942); *Soderberg v. Holt,* 86 Utah 485, 46 P.2d 428 (1935).

rized by the insurer. The cases cited at note 2, *supra,* are applicable here.[7]

CROCKETT, C. J., and MAUGHAN, HALL and STEWART, JJ., concur.

**7.** It is acknowledged that attorney's fees are recoverable where they are proved as an item of damages in a tort against the insurer for breach of its duty of good faith and fair dealing toward its insured. See *U. S. Fidelity & Guaranty Co. v. Peterson,* 91 Nev. 617, 540 P.2d 1070 (1975); *Travelers Ins. Co. v. Montoya,* 90 N.M. 556, 566 P.2d 105 (1977); *Ammerman v. Farmers Insurance Exchange,* 19 Utah 2d 261, 430 P.2d 576 (1967); *American States Insurance Co., Western Pac. Div. v. Walker,* 26 Utah 2d 161, 486 P.2d 1042 (1971); cf. *Lyon v. Hartford Acc. & Indem. Co.,* 25 Utah 2d 311, 480 P.2d 739 (1971). But these cases are not applicable here, as the plaintiff has not shown that Safeco breached its duty, and in fact plaintiff has not raised any such issue.