HUTCHENS BROTHERS, INC., A
Missouri Corporation,
Plaintiff-Respondent,

v.

R. H. BROWNSBERGER,
Defendant-Appellant.

No. WD 32374.

Missouri Court of Appeals,
Western District.

Nov. 10, 1981.

Henry A. Panethiere, Richard Helfand, Panethiere & Helfand, Kansas City, for defendant-appellant.

Roger M. Phillips, John R. Weisenfels, Jackson, Dillard, Brouillette & Farchmin, Kansas City, for plaintiff-respondent.

Before KENNEDY, P. J., and SHANGLER and WASSERSTROM, JJ.

WASSERSTROM, Judge.

Plaintiff sued to recover the balance unpaid under a contract for the sale of rural land. On a trial without jury, judgment went for plaintiff, from which defendant appeals. We affirm.

The facts are undisputed. The parties entered into a contract for the sale of the land in question on March 28, 1978, for a purchase price of $1,390,000. Prior to the written contract, defendant had paid down $265,000. The contract called for defendant to pay an additional $720,000 at the signing of the contract and for him to pay the final $405,000 upon receipt by him of that sum from the United States Corps of Engineers in payment for certain flowage easements which had been acquired by the Corps in connection with construction of Truman Reservoir. The agreement provided that when defendant received payment from the Corps of Engineers, he was to endorse and deliver the Corps' check to plaintiff. On the same date that the contract was signed, plaintiff delivered its deed to the property and defendant paid the $720,000 then due by him.

Subsequently, on about July 20, 1978, the Corps of Engineers paid the $405,000 due from it. However no remittance of that sum was made by defendant to plaintiff as required by the March 28 contract. After

unavailing demand, this suit by plaintiff followed.

The sole defensive point made by defendant on this appeal is a contention that the contract of March 28, 1978, merged into the deed and the contract thereupon became functus officio. The deed itself contained no provision concerning payment of the additional $405,000. Therefore, according to defendant, he no longer has any obligation to pay the $405,000.

■ The doctrine of merger, relied upon by defendant, usually is more appropriate as a matter of defense on the part of a vendor. *See*, Annot., 38 A.L.R.2d 1310 (1954). The essence of that doctrine is that when a vendor offers a deed and the vendee accepts, that generally constitutes a new agreement as to the form and contents of the deed which supersedes any contrary previous agreement. By reason of that underlying rationale, the doctrine is basically confined to the sufficiency of the deed itself and does not touch other aspects of the original sales agreement. Those latter aspects are generally referred to in the cases as "collateral matters" which are not affected by the doctrine of merger.

The line of demarcation between what is and is not covered by the doctrine of merger was discussed and a New York opinion quoted with approval in *Frisbie v. Scott*, 199 Mo.App. 131, 201 S.W. 561 (1918) as follows:

"In *Bull v. Willard*, supra, 9 Barb. (N.Y.) [641] at page 645, the court, in speaking of how to determine whether covenants contained in the agreement for the sale of land are collateral to those involved in the execution of the deed, or are so connected with it as to be at an end and become merged or satisfied in the execution of the deed, said:

'I have not been able to fix upon a better criterion, upon that question, than that the covenant, in order to be deemed collateral and independent, so as not to be destroyed by the execution of the deed, *must not* look to, or be connected with the *title*, possession, quantity, or emblements of the land which is the subject of

the contract; and that if it does so, the execution of the deed, in pursuance of the contract, will operate as an extinguishment of it.' (Italics ours.)"

■ Where there are items of agreement outside of and beyond the conveyance itself, particularly with respect to obligations which are to be performed at a time subsequent to the date of the deed, there can be no merger so as to cut off the future obligation. Thus, *Tighe v. Locke*, 299 S.W. 105 (Mo.App.1926) holds:

"In the case at bar, no presumption arises that the acceptance of the deed was an execution of the whole contract. In fact, as shown by the record, the contract contained other covenants, the performance of which could not be executed by acceptance of the deed. For instance, the contract provides that 'second party (H.E. Tighe) agrees to execute a new deed of trust in order that first party may secure a lower rate of interest, for a term of five or ten years.' It hardly will be contended that the acceptance of the deed by plaintiffs superseded this covenant in the contract. The general rule in this respect is aptly stated in *Witbeck v. Waine*, 16 N.Y. 532, wherein it is said (loc. cit. 535 et seq.):

'Where, for example, one contracts, for a specified consideration, to convey land at a future time, and to do, at a still later period, other acts for the benefit of the other contracting party, or where the contract is for a series of acts to be performed at successive periods, it is plain that the prior contract is superseded *only as to such of its provisions as are covered by the conveyance and made pursuant to its terms*. The agreement remains in full force as to all its other provisions. This is so obvious, upon the reason of the thing, that we need not seek for authority to sustain it.'"

In *Tighe*, the future obligation held not to be merged was that of the vendor. The same was also true in *Prewitt v. Continental Ins. Co.*, 538 S.W.2d 902 (Mo.App.1976). *See also*, Annot., 38 A.L.R.2d 1310, Sec. 7 at p. 1323 (1954). However, the same rule

applies where the future performance is due from the vendee. *Missouri Home Savings and Loan Association v. Allen*, 452 S.W.2d 109 (Mo.1970); *Lawrence v. Cameron Savings and Loan Association*, 395 S.W.2d 452 (Mo.1965). *Missouri Home Savings and Loan Association v. Allen, supra,* adds a comment, applicable here, that the "doctrine of merger does not apply to the consideration of the transaction. . . ."

Applying the foregoing principles here, clearly there was no merger which could operate to destroy defendant's obligation to pay the final $405,000. The payment of that sum patently looked forward to a future date when defendant was to receive that amount from the Corps of Engineers. Obviously this was an aspect of the transaction outside of and beyond the conveyance itself and collateral thereto. Also to be noticed is that both the contract to sell and the deed itself were executed concurrently, which negates any idea that one superseded the other. Under the facts here the doctrine of merger has no application. The cases cited by the defendant have all been examined and are factually distinguishable.

Plaintiff has filed a motion for an award of damages under Rule 84.19 on the ground that this appeal is frivolous. For the reasons delineated above, the appeal must be rejected on its merits; but we are not prepared to go so far as to say that this appeal was taken in bad faith. Absent such a finding, the penalty under Rule 84.19 will not be imposed. *Burks v. Beebe*, 578 S.W.2d 298 (Mo.App.1979); *Wissmann v. German Evan. St. Marcus Cong.*, 612 S.W.2d 138 (Mo.App.1980).

Affirmed.

All concur.