BERANEK, Judge.
Plaintiffs appeal an unfavorable final judgment entered by the trial court in a property boundary dispute. Plaintiffs purchased a certain parcel of property located in Martin County by way of a warranty *1084 deed dated July 25, 1977, which contained a legal description of the property. There has never been any question but that the written description was accurate and described a parcel with a 100 foot North-South dimension. Prior to purchase, defendants pointed out to plaintiffs the four corners of the property. At the southern end of the property was a concrete wall which defendants indicated was the property line between the two parcels. Approximately two years after the purchase, plaintiffs retained Price Engineering to conduct a survey of the property. This survey indicated that defendants’ wall encroached upon plaintiffs’ property by slightly over three feet.
Plaintiffs suéd in an action for ejectment and damages. At trial, plaintiffs attempted to introduce the survey through the office manager of Price Engineering, Steve Brown, who had helped conduct the survey. Defendants objected on the grounds that Ronald Price, the principal licensed survey- or of the firm, whose name and seal appeared on the survey, was not available for cross-examination. The court sustained the objection and granted plaintiffs a continuance until Mr. Price could appear. When trial resumed, both Mr. Brown and Richard Bowen, party chief in connection with the field work done for plaintiffs, testified. Mr. Bowen identified the complete set of field notes prepared by him on the property, and the notes were admitted into evidence. Based upon his field notes, Mr. Bowen testified that there was in fact an encroachment upon plaintiffs’ property by defendants’ concrete wall in the amount of 3.26 feet north of plaintiffs’ southeast property corner.
Mr. Price then testified that Mr. Bowen and Mr. Brown had performed the field work for plaintiffs; that he ratified, accepted, and adopted the work of his staff in regard to the survey; that the survey bore the seal of Price Engineering Company; that the survey before them was a certified representation of the plaintiffs’ property; and that by putting his seal on the plan the survey was certified as to its accuracy. When plaintiffs requested the court to admit the survey into evidence, defendants objected based on Section 472.021, Florida Statutes (1979). That section reads in part:
All final drawings, specifications, plans, reports, or other papers or documents involving the practice of land surveying which are prepared or approved for the use of the corporation or partnership or for delivery to any person or for public record within the state shall be dated and bear the signature and seal of the registrant who prepared or approved them.
Apparently, Mr. Price did not sign the survey; the survey was signed and sealed by Mr. Brown, who was the authorized agent of Mr. Price. The court sustained the defendants’ objection to the survey and it was not admitted into evidence. Mr. Price did testify, however, that in his opinion the fence and concrete wall did encroach upon plaintiffs’ property. Defendants, Marilyn and Gerald Gordon, offered only their own testimony that they thought the concrete wall constituted the boundary line between the two pieces of property. At the close of the case, the trial court entered judgment for defendants finding that plaintiffs had not met their burden of proof.
At the hearing on plaintiffs’ motion for rehearing, plaintiffs proffered two new surveys which again established that defendants were encroaching upon plaintiffs’ property. The court denied the motion for rehearing.
On appeal, plaintiffs raise three points, one of which is dispositive. Plaintiffs contend that the trial court erred in entering judgment for defendants finding that plaintiffs did not meet their burden of proof. It appears that the trial court placed undue importance on the survey equating admission of the survey document into evidence with plaintiffs’ meeting their burden of proof. This ignores the copious amount of admissible evidence offered by plaintiffs’ witnesses that the wall did in fact encroach on plaintiffs’ property. Plaintiffs were placed in the anomalous position of having to carry the burden of proving their title to the property clearly described in their own *1085 recorded deed. In light of the testimony of a licensed surveyor, which defendants failed to rebut with their own testimony, the admission of the survey was not absolutely crucial as the court apparently believed. The field notes were admitted without objection and this exhibit also showed the encroachment. We hold that the judgment of the trial court was contrary to the manifest weight of the evidence and clearly erroneous. We, therefore, reverse and remand this cause with directions to enter judgment for plaintiffs.
REVERSED AND REMANDED.
GLICKSTEIN, J., concurs.
LETTS, C. J., concurs in part and dissents in part.