452 So.2d 1077 (1984)
Gerald R. GORDON and Marilyn T. Gordon, Appellants,
v.
S. Bill BARTLETT and Joyce E. Bartlett, His Wife, Appellees.
Nos. 82-1829, 82-2270.
District Court of Appeal of Florida, Fourth District.
July 11, 1984.
*1078 Dennis J. Powers of Gunster, Yoakley, Criser & Stewart, Palm Beach, for appellants.
Charles R.L. White, Jupiter, for appellees.
PER CURIAM.
The Gordons appeal from an amended final judgment and a cost judgment. They contend the trial court improperly awarded damages and attorney's fees and improperly assessed the cost of two surveys against them. We agree and reverse.
The Gordons owned a parcel of land, a portion of which was transferred to the Bartletts by warranty deed. The Bartletts then surveyed the land and discovered that the Gordons' concrete wall encroached upon their land. The Bartletts brought an action in ejectment against the Gordons.
During trial, the court refused to admit the Bartletts' survey because it was not properly signed and sealed. At the conclusion of trial, the court entered a judgment for the Gordons after finding that the Bartletts failed to meet their burden of proof. The Bartletts then sought a rehearing and offered two new surveys to establish the encroachment. The trial court denied the motion for rehearing and the first appeal of this case followed. This court reversed finding that the admission of the survey was not crucial; that the admissible evidence established an encroachment; and that the Gordons failed to rebut the evidence. Thus, we reversed and remanded with directions to enter judgment for the Bartletts. See, Bartlett v. Gordon, 414 So.2d 1083 (Fla. 4th DCA 1982).
On remand, the trial court entered an amended final judgment in favor of the Bartletts. The court found the Gordons liable for damages and for attorney's fees. Also, the court taxed costs against the Gordons and assessed an amount for the two surveys prepared after trial for the Bartletts' motion for rehearing. Thus, we have the present second appeal in which the Gordons contest the issue of damages and attorney's fees. Additionally, the Gordons contend that the trial court erred by taxing as costs the expense of the two surveys prepared after trial.
With respect to the finding of an entitlement to damages, the Gordons argue that the Bartletts failed to produce any evidence of damages at trial and, therefore, cannot recover damages on remand. After examining the record, we find no evidence sufficient to support an award of damages and, therefore, reverse that provision in the amended final judgment.
Next, the Gordons contest the award of attorney's fees. They assert that no statutory or contractual provision exists to support the award. The Bartletts respond that they are entitled to attorney's fees either pursuant to Section 57.105, Florida Statutes (1981) or pursuant to the real estate contract. We cannot agree. First, we do not find the Gordons' position in this cause wholly frivolous or so lacking in merit as to warrant an award of fees under Section 57.105. See Whitten v. Progressive Casualty Insurance Co., 410 So.2d 501 (Fla. 1982). Second, regarding the sales contract, a paragraph of the contract provided for an award of attorney's fees to the prevailing party for any litigation arising out of the contract. However, under the general rule, "preliminary agreements and understandings relative to the sale of property usually merge in the deed executed pursuant thereto." Milu, Inc. v. Duke, 204 So.2d 31, 33 (Fla. 3d DCA 1967). Accordingly, the Bartletts cannot rely on the sales contract to support their claim for attorney's fees. Since the warranty deed does not contain an express provision regarding the recovery of attorney's fees, there is no basis for such an award and, therefore, we reverse on this point.
Finally, the Gordons contend the trial court improperly assessed the costs of two surveys against them. Since the surveys were prepared after trial and were *1079 necessitated by the Bartletts' own failure to present a properly certified survey at the first trial, we reverse the award for those costs as well.
Accordingly, we reverse and remand to the trial court with instructions to vacate its award of damages and attorney's fees in the amended final judgment and to reduce the cost judgment by the amount of the two surveys.
REVERSED and REMANDED.
ANSTEAD, C.J., and DOWNEY and HURLEY,[*] JJ., concur.
NOTES
[*] Judge Dell heard oral argument as a member of the merits panel. Thereafter, he disqualified himself. Judge Hurley was substituted and has listened to the tape recording of the oral argument.