536 So.2d 1105 (1988)
Nathan FLEISCHER, Appellant,
v.
HI-RISE HOMES, INC., Gerald Greenfield, George Charak and Sheldon H. Hoffman, Appellees.
No. 85-2372.
District Court of Appeal of Florida, Fourth District.
December 28, 1988.
Jerome L. Tepps of Tepps & Glerum, Fort Lauderdale, for appellant.
Larry Klein of Klein & Beranek, P.A., West Palm Beach, for appellees.
GLICKSTEIN, Judge.
This is an appeal from an award of attorney's fees of $19,000 to a broker against a purchaser. The court earlier issued an en banc opinion herein on December 14, 1988. We reverse and address some of the language in Gordon v. Bartlett, 452 So.2d 1077 (Fla. 4th DCA 1984), because the question of attorney's fees in cases purportedly arising from real property sales should be addressed as we suggest herein below.

I
We find that appellees' overview of the chronology of the case is correct. The broker's claim arose in a "counterclaim," which sought only attorney's fees. In our view, the trial court in essence properly considered it as part of the answer, and determined it after the decision on the merits. We disagree with appellant's initial contention that the claim had been stipulated out of the case, and find it was removed from the pleading, which had been a misnomer, only as a matter of judicial housekeeping.
However, we reverse the award because the provision in the deposit receipt upon which the award was based does not apply to the present litigation. That provision said:

Attorney Fees and Costs: In connection with any litigation arising out of this *1106 contract, the prevailing party whether Buyer, Seller or Broker, shall be entitled to recover all costs incurred including reasonable attorney's fees for services rendered in connection with such litigation including appellate proceedings and post judgment proceedings.
We are convinced, after requesting supplemental briefs upon the issue whether the present litigation arose out of the contract, that it did not arise out of the contract.
Appellant brought the present action, seeking damages from an attorney (not a party to this appeal) and appellees, Hi Rise Homes Inc., a real estate brokerage firm, and its agent, Gerald Greenfield. The complaint alleged that appellant enlisted the services of appellees to locate a building which could serve as an office and residence for appellant, a psychologist; that an agent located what he allegedly represented to be a property suitable for that purpose; that a real estate deposit contract and a purchase agreement contract were signed by appellant and the seller; that when appellant attempted to set up his practice he was notified by city zoning officials that he was in violation of zoning regulations; and that he ceased practice and brought this action against appellees, alleging fraud for representing that appellant could operate his practice on the property, and negligence in failing to determine the zoning of the area.
The present litigation, in our view, arose out of alleged misrepresentations and negligence, not out of the contract. See Dickson v. Dunn, 399 So.2d 447 (Fla. 5th DCA 1981). The pleadings are clear in this regard; and while appellant has not provided a transcript, we feel none is necessary, in the absence of a contention by appellees to the effect that some other issue occasioned the litigation. There are intellectual tugs in the direction of appellees here, such as the affirmative defense that the deposit receipt contract was subject to zoning, but a "defense to" is different from a "claim arising out of"  at least in our view.

II
The language in Gordon v. Bartlett which we address appears on page 1078, wherein we extended the rule of Milu, Inc. v. Duke, 204 So.2d 31, 33 (Fla. 3d DCA 1967), beyond its intended application. While we were correct in the denial of attorney's fees in Gordon v. Bartlett because of the doctrine of merger discussed in Milu, we were not correct in our stated reason  that the deed did not provide for an attorney's fee. Our decision was based on the decision in Espinoza v. Safeco Title Insurance Co., 598 P.2d 346 (Utah 1979); however, we failed to note that the Utah decision referred to a clause in the contract, apparently standard there, that abrogated the "Earnest Money Agreement" "[b]y execution and delivery of the final agreement, that is, the deed and policy of title insurance." Id. at 348.
Gordon involved a question of possession  the sellers' wall encroached on that portion of their property which they sold to the purchasers. Accordingly, as here, the initial question in that case vis a vis attorney's fees should have been whether the dispute arose out of the parties contract. The second question, if the answer to the first query was affirmative, should have been whether the doctrine of merger would then apply  not whether the deed provided for an attorney's fee.
We approve the following statements in Hutchens Brothers v. Brownsberger, 624 S.W.2d 538 (Mo. Ct. App. 1981):
The doctrine of merger, relied upon by defendant, usually is more appropriate as a matter of defense on the part of a vendor. See, Annot., 38 A.L.R.2d 1310 (1954). The essence of that doctrine is that when a vendor offers a deed and the vendee accepts, that generally constitutes a new agreement as to the form and contents of the deed which supersedes any contrary previous agreement. By reason of that underlying rationale, the doctrine is basically confined to the sufficiency of the deed itself and does not touch other aspects of the original sales agreement. Those latter aspects are generally referred to in the cases as *1107 "collateral matters" which are not affected by the doctrine of merger.
The line of demarcation between what is and is not covered by the doctrine of merger was discussed and a New York opinion quoted with approval in Frisbie v. Scott, 199 Mo. App. 131, 201 S.W. 561 (1918) as follows:
"In Bull v. Willard, supra, 9 Barb. (N.Y.) [641] at page 645, the court, in speaking of how to determine whether covenants contained in the agreement for the sale of land are collateral to those involved in the execution of the deed, or are so connected with it as to be at an end and become merged or satisfied in the execution of the deed, said:
`I have not been able to fix upon a better criterion, upon that question, than that the covenant, in order to be deemed collateral and independent, so as not to be destroyed by the execution of the deed, must not look to, or be connected with the title, possession, quantity, or emblements of the land which is the subject of the contract; and that if it does so, the execution of the deed, in pursuance of the contract, will operate as an extinguishment of it.' (Italics ours.)"
Id. at 540.
DOWNEY and ANSTEAD, JJ., concur.