Thomas E. GRECO and Joan L. Greco, Plaintiffs–Respondents,

v.

Michael A. VOLLMER and Carole A. Vollmer, Defendants–Appellants.

No. 65292.

Missouri Court of Appeals, Eastern District, Division Four.

Nov. 8, 1994.

*In re Marriage of Paul*, 704 S.W.2d 278, 279 (Mo.App.1986); *In re Marriage of White*, 601 S.W.2d 644 (Mo.App.1980).

Dan B. Dildine, Dildine and Richards, Troy, for appellants.

William W. Cheeseman, Troy, for respondents.

KAROHL, Judge.

Defendants, Michael and Carole Vollmer, builders and sellers of a single-family residence, appeal after the trial court entered a judgment for money damages in favor of plaintiffs, Thomas and Joan Greco, original purchasers of the residence, on their claim for breach of a real estate sale contract. The trial court dismissed with prejudice the second count of the petition, which claimed damages for fraudulent misrepresentation. We affirm.

■ Defendants' first claim of error is Count I of the petition fails to state a cause of action for breach of contract. The petition alleges the parties entered into a real estate sale contract on February 8, 1992, for the sale of Lot # 5 of Parkside Estates, Troy, Missouri. It alleges the contract contained agreements that the septic system had no known defects and the sellers would spread topsoil and seed the backyard. Plaintiffs allege the septic system failed immediately and was unusable and no topsoil was spread on the backyard, nor was it seeded as agreed. Plaintiffs claim damages in the amount of the cost of completing defendants' obligations. Plaintiffs attached a copy of the real estate sale contract and incorporated it into the petition. Specifically, defendants complain the petition failed to allege plaintiffs, as purchasers, complied with their obligations under the contract. This contention is without merit because the petition alleges the parties closed under the contract, so that plaintiffs are the owners of the property after meeting their obligation to pay for it. The fact of closing was not disputed. The parties closed, and the agreed consideration was paid. We find the petition stated a cause of action for breach of contract, particularly where associate court petitions need not be formal in the absence of an order of the court. Sections 517.031 and 517.050 RSMo 1986. Point denied.

■ Defendants also claim that because the parties closed, the provisions in the contract which define the rights and obligations of the parties merged into the deed and are no longer enforceable. They rely on *Smith v. Old Warson Development Co.*, 479 S.W.2d 795, 800 (Mo. banc 1972). This case does not support the claim of error. What the Supreme Court did in *Old Warson* was recognize that the builder and original seller of a single-family residence may be liable to the purchaser under the theory of implied warranty, a tort concept, although not strictly a contract obligation. "Plaintiffs' rights arise as a matter of law from their purchase of the house, not from their sale contract or the deed." *Id.*

Subsequent to the decision in *Old Warson*, the Supreme Court considered the case of *Crowder v. Vandendeale*, 564 S.W.2d 879 (Mo. banc 1978). *See Sharp Bros. Contracting Co. v. American Hoist & Derrick Co.*, 703 S.W.2d 901 (Mo. banc 1986), where the court modified *Crowder* only on the issues of damages. The court in *Crowder* there reconsidered whether the opinion in *Old Warson* was grounded in contract or tort. It "concluded that the liability imposed for mere deterioration or loss of bargain resulting from latent structural defects is contractual, and that the recovery allowed in *Old Warson* is to be justified on that basis." *Id.* at 881. The court held the trial court properly dismissed a petition of original purchasers for failure to state a cause of action because the petition attempted to state a tort claim. In light of *Crowder* the only available cause of action is in contract. Thus, the question of merger of the sale contract into the deed must be considered if the purchasers are to have a cause of action. But it has been held that the only provisions of a real estate sale contract that merge into the deed are those which relate to the sufficiency of the deed, not to "collateral" agreements in the contract. *Hutchens Brothers, Inc. v. Brownsberger*, 624 S.W.2d 538, 540 (Mo.App.1981). The court there observed that contractual obligations to be performed at successive periods do not merge into the deed. This is consistent with the reason for the doctrine so

that when a deed is offered and accepted, it generally constitutes a new agreement regarding the form and contents of the deed and that agreement supersedes any contrary agreement. The rationale applies only to the provisions for delivery of the deed and the sufficiency of the deed itself. Therefore, we reject defendants' second claim of error that the agreements that the° newly constructed septic tank would work and the backyard would be graded, seeded and covered with straw merged ·into the deed.

■ Finally, defendants claim plaintiffs are not entitled to recover because the sale contract contained a financing contingency provision which the purchasers breached and the contract provided that those provisions, if breached, would void the contract. The contract allowed plaintiffs twenty days to obtain a written commitment for a described loan or to waive the contingency within the same period. The contingency expired on February 28, 1992. Plaintiffs obtained financing and closed on the same day, March 27, 1992. The trial court concluded that all of the provisions of the contract on "collateral" matters, including the implied warranties of habitability and the express agreement to seed the backyard, survived. We agree. Any rights or obligations that defendants had or owed continued as part of the sale agreement. Even if they were not obligated to proceed with the sale after the financing contingency provision was violated, they chose to close and sell the property to plaintiffs in accord with the contract. The parties closed on March 27, 1992, after the parties agreed to revise the original date from March 14, 1992. The contract allowed extension for closing by agreement and did not provide a "time of the essence" requirement. Legally, the financing contingency provisions became superfluous when both parties elected to close under the contract and honor its other provisions. Point denied.

Respondents' motion for attorney's fees is denied. We affirm.

AHRENS, P.J., and SIMON, J., concur.