RYDER, Acting Chief Judge.
Mr. Blethen and C.N.B. Land Services challenge the trial court’s ruling that its previous order taxing attorney’s fees against the Henrys was null and void. We reverse and remand with directions to reinstate the order awarding fees to the appellants.
This case initially arose when Mr. and Mrs. Henry filed a complaint in circuit court against Mr. Blethen and C.N.B. The Hen-rys’ answers to interrogatories revealed that their alleged damages were below the jurisdictional threshold of the circuit court. The appellants filed a motion to dismiss, and on December 30, 1992, the court dismissed the case, without prejudice, for lack of jurisdiction.
In February 1993 the court granted the appellants’ motion for attorney’s fees. Mr. Blethen and C.N.B. obtained a writ of execution based on their judgment for fees, and caused the sheriff of Highlands County to levy on a parcel of real property the Henrys owned. The appellants purchased the real estate at the sheriffs sale. Apparently, the *57 Henrys refused to vacate the property because Mr. Blethen and C.N.B. filed a motion for writ of possession on July 2, 1993. At a hearing on that motion, held August 2, 1993, the trial court entered an order declaring its previous order on attorney’s fees null and void. It further ruled that the sheriffs sale was also null and void, and therefore denied the appellants’ motion for writ of possession.
The Henrys never appealed the award of attorney’s fees, nor did they file a motion in the lower court for relief from judgment under Florida Rule of Civil Procedure 1.540(b). We can find no authority for a trial court to set aside an order that a prevailing party had relied upon, absent a motion from the aggrieved party. See Fla.R.Civ.P. 1.540(b) (“On motion, and on such terms as are just, the court may relieve a party or a party’s legal representative from a final judgment, decree, or order_”) (emphasis supplied). Accordingly, we reverse the order declaring that the fee order and the sheriffs sale conducted pursuant to the fee order were null and void. We remand with directions to reinstate the February 24, 1993, order awarding attorney’s fees to Mr. Blethen and C.N.B.
Reversed and remanded.
BLUE and FULMER, JJ., concur.