W. SHARP, J.
Edward and Rose Caufield appeal from an order of the trial court which denied their motion for attorney’s fees pursuant to the provisions of a contract, after Gino and Armando Cántele voluntarily dismissed their lawsuit against the Caufields. Although not raised by the parties, there is an issue concerning the proper method for an appellate court to review this order. For the reasons stated in this opinion, we affirm.
The facts in this case are not in dispute. In 1995, the Cánteles sued the Caufields for damages arising out of the Cánteles’ purchase of an RV park from the Cau-fields. In a one count complaint, they alleged that the sewer plant serving the park had been represented to them by the Caufields as being in “great shape” but that after their purchase of the property, the Cánteles learned the plant violated Florida law, and they were required to spend substantial sums to bring the plant into compliance. They further alleged the Caufields intentionally concealed the status of the plant and misrepresented material facts concerning the plant to them.
In the last paragraph of the complaint, the Cánteles requested an award of attorney’s fees pursuant to the contract for sale and purchase of the RV park. Paragraph 9 of the contract provides:
In connection with any litigation arising out of this contract, the prevailing party shall be entitled to recover all costs incurred, including reasonable attorney’s fees ...
The contract was executed in 1993 by the Caufields, and by Gino Cántele only, although title to the RV park was conveyed to both Gino and Armando Cántele.
The Caufields moved to dismiss the complaint because it pled separate elements of breach of contract and fraud in the same count, failed to state a cause of action in contract for Armando since only Gino was a party thereto, and failed to state a cause of action in fraud, since the complaint alleged the Cánteles had inspected the property before purchasing it. The Caufields also prayed for attorney’s fees in a “wherefore” clause at the end of the motion:
Defendants pursuant to Stockman v. Downs, 573 So.2d 835 (1991) pray[s] (sic) for attorney fees.
The Caufields also filed a motion to strike the complaint for various claimed defects, and at the end of that motion, included a plea for attorney’s fees identical to the one quoted above.
Both parties requested a jury trial, and the cause was set for trial. The court held a hearing on the motions to dismiss and to strike. In an order, the court recited that the Cánteles had announced in court that their single count complaint was restricted to a claim for intentional misrepresenta *433 tion, and that the relief sought was limited to monetary damages for correcting the latent defects in the sewer treatment plant. The court then ordered: “ the single count Complaint shall be considered and solely treated as a Complaint based upon a theory of intentional misrepresentation and a prayer for monetary damages for correcting alleged latent defects in the wastewater treatment plant.” The balance of the motions were denied and the Cau-fields were ordered to file a responsive pleading within 20 days.
In their responsive pleading, the Cau-fields alleged the Cánteles had conducted an in depth inspection of the property before entering into the contract. They also pointed out that paragraph 14G of the contract provided the buyers had made a complete inspection of the property, and were relying on their own inspection and not representations made by the sellers, as well as a number of other defenses. At the end of the pleading, the Caufields stated simply: “Defendants have been compelled to employ the undersigned attorney and Plaintiffs are obligated to pay Defendants’ attorney’s fees.”
The trial of this cause was scheduled and rescheduled a number of times. No pre-trial compliance documents were filed by the Caufields, although the attorney for ■the Cánteles filed one early in the trial rescheduling process. In March of 1998, the attorney for the Cánteles withdrew from representing them. In June of 1998, an order to show cause was entered by the court against the Cánteles for failure to attend a pre-trial conference. Shortly thereafter, on June 18, 1998, a different attorney then representing the Cánteles filed a notice of appearance and took a voluntary dismissal pursuant to Florida Rule of Civil Procedure 1.420.
In July of 1998, the Caufields filed a motion to tax costs and to award attorney’s fees. They relied upon paragraph 9 of the purchase contract quoted above and pointed out that the Cánteles sought attorney’s fees under the same provision. The Cau-fields argued that they pled for attorney’s fees as required by Stockman in their earlier motions and answer, and that they had also orally proclaimed their entitlement to fees at the hearing where the Cánteles announced a voluntary dismissal.
The trial court denied the Caufields’ request for attorney’s fees for two reasons: first, because the Caufields failed to plead their entitlement to fees as required by Stockman v. Downs, 573 So.2d 835 (Fla. 1991) and second, because the cause of action was not based on the contract, but was for the tort of intentional misrepresentation. We agree with both grounds.
I. METHOD OF REVIEW
There is at the present time a lack of clarity as to how, and by what method, a party can seek review of an order granting or denying attorney’s fees, after a voluntary dismissal. Should it be by petition for certiorari pursuant to Florida Rule of Appellate Procedure 9.030(b)(2), or by plenary appeal pursuant to rule 9.030(b)(1)(A)? The method selected can make a difference in the result. For example, the time in which to seek review under the rules can vary for certiorari and appeals. See Green Tree Vendor Services Corp. v. Lisi, 732 So.2d 422 (Fla. 1st DCA 1999); Shelnutt v. Citrus County, 660 So.2d 393 (Fla. 5th DCA 1995). In some district courts of appeal, such as the Fifth, oral argument is not granted if timely requested for certiorari proceedings, although it is for plenary appeals. Further, an appellate court has discretion to deny certiorari petitions but not appeals,[1] and the scope of review is more limited in certiorari cases. See Kelly v. Tworoger, 705 So.2d 670, 673 (Fla. 4th DCA 1998) (Klein, J., concurring).
*434 The granddad case cited by the more recent cases as controlling is Chatlos v. City of Hallandale, 220 So.2d 353 (Fla. 1968). It was decided under the pre-1977 Rules, and is cited as holding that an award of attorney’s fees and costs after a voluntary dismissal is taken by the plaintiff should be reviewed by certiorari and not by appeal. However, if read carefully, the opinion was limited to resolving a conflict between the district courts of appeal as to the proper method by which to review cost judgments following a voluntary nonsuit. It left open the question of how orders granting or denying attorney’s fees should be reviewed after a voluntary dismissal. Justice Drew expressly said:
Nor do we determine whether, if such attorney’s fees and appraisal fees are properly recoverable in the eminent domain proceedings as was done in this case, the judgment entered is the “final judgment” in said cause subject to review on appeal as are other final judgments of trial courts under the Constitution.
220 So.2d at 355.
Sholkoff v. Boca Raton Community Hospital, 693 So.2d 1114 (Fla. 4th DCA 1997) read Chatios as requiring that a judgment for costs and attorney’s fees following a voluntary dismissal should be reviewed by certiorari. In that case, the attorney’s fees were awarded as part of the “reasonable cost of collection” pursuant to an express contract which encompassed attorney’s fees. Judge Farmer in that case reasoned that cost awards after voluntary dismissals are not absolutely final because of the impact of Florida Rule of Civil Procedure 1.420(d) which creates the possibility that if the dismissing party refiles and later prevails in a law suit, some of the costs previously paid may be recovered. See Rose Printing Co., Inc. v. Wilson, 602 So.2d 600, 604 (Fla. 1st DCA 1992), aff'd. 624 So.2d 257 (Fla.1993). However, this rule does not impact attorney’s fee awards.
Our sister appellate courts have all applied Chatios, without much discussion, to review orders denying or granting attorney’s fee awards after a voluntary dismissal. See Green Tree Vendor Services Corp. v. Lisi 732 So.2d 422 (Fla. 1st DCA 1999); Oakwood Plaza, L.P. v. D.O.C. Optics Corp., 708 So.2d 959 (Fla. 4th DCA), rev. denied, 725 So.2d 1107 (Fla.1998); O.A.G. Corp. v. Britamco Underwriters Inc., 707 So.2d 785 (Fla. 3d DCA 1998); Kelly v. Tworoger, 705 So.2d 670 (Fla. 4th DCA 1998); Barry A. Cohen, P.A. v. LaTorre, 595 So.2d 1076 (Fla. 2d DCA 1992). The rationale in some of these cases appears to be that since the suit has ended in a non-appealable dismissal, the attorney’s fee award or denial is also unappealable. The Fifth District has apparently not directly ruled on this issue. See Cody v. Colonial Imaging Products & Service, 717 So.2d 1120 (Fla. 5th DCA 1998).
However, in Hatch v. Dance, 464 So.2d 713 (Fla. 4th DCA 1985) and Department of Environmental Protection v. Gibbins, 696 So.2d 888 (Fla. 5th DCA 1997), both courts assumed, without discussion, that it is proper to review by appeal a trial court’s denial or award of attorney’s fees after a voluntary dismissal of a lawsuit. In Hatch, the plaintiff voluntarily dismissed his complaint, the defendant moved for attorney’s fees pursuant to an agreement, and the trial court denied the motion. In Gibbins, the Department voluntarily dismissed its petition seeking access to a landowner’s property, the landowner moved for attorney’s fees, and the trial court awarded fees.
Such orders following a voluntary dismissal determine the substantive rights of a party to attorney’s fees[2] definitely and with finality and logically should be reviewable under rule 9.110. No more judicial labor is contemplated.[3] Levy and exe- *435 cutíon is possible following entry of an order making an award. Blethen v. Henry, 661 So.2d 56 (Fla. 2nd DCA 1995). Although the lawsuit may be later refiled following a voluntary dismissal, as to the attorney’s work effort involved in the dismissed suit, the ruling is final, and it cannot be revived. See McKelvey v. Kismet, Inc., 430 So.2d 919 (Fla. 3d DCA), rev. denied, 440 So.2d 352 (Fla.1983).
By treating attorney’s fee rulings after a voluntary dismissal as final and appeal-able, the courts achieve symmetry in the law which is just and fair, since that is how attorney’s fee awards or denials after a final judgment are reviewed. There is no good reason to review awards of attorney’s fees differently via different methods, simply because they follow a voluntary dismissal as opposed to a final judgment. To do so invites disparate determination and review of identical substantive rights. Accordingly we accept this case as properly filed as an appeal, and certify conflict in this regard with our sister appellate courts.
II. DID THE CAUFIELDS ADEQUATELY PLEAD THEIR RIGHT TO AN ATTORNEY’S FEE AWARD IN THIS CASE?
It has long been held in this District that a claim for attorney’s fees under a contract must be pled in conjunction with a breach of contract claim, or as an ancillary claim or counterclaim, and if not, it cannot be raised for the first time in a post-judgment motion. If it is not timely pled, it is waived. Bowman v. Corbett, 556 So.2d 477 (Fla. 5th DCA 1990). The right to recover attorney’s fees based on a contract must be specifically pled. Altamonte Hitch and Trailer Service, Inc. v. U-Haul Co. of Eastern Florida, 498 So.2d 1346 (Fla. 5th DCA 1986). See also Brown v. Gardens by the Sea South Condominium Ass’n, 424 So.2d 181 (Fla. 4th DCA 1983); Ocala Music and Marine Center v. Caldwell, 389 So.2d 222 (Fla. 5th DCA 1980).
In Stockman v. Downs, 573 So.2d 835 (Fla.1991), the Florida Supreme Court resolved some conflicts between the courts of appeal regarding the necessity to specifically plead for attorney’s fees in contract cases as well as cases in which attorney’s fees are provided for by statute. It affirmed the principle that a claim for attorney’s fees must be pled prior to final judgment, in both cases. Part of the rationale of the case was that a party is entitled to notice that attorney’s fees will be sought in a lawsuit against him or her if unsuccessful. As Justice Grimes pointed out, the potential that one may be required to pay an opposing party’s attorney’s fees may often be determinative in a decision on whether to pursue a claim, dismiss it or settle. 573 So.2d at 837. To illustrate this point, in a footnote Justice Grimes said:
In the instant case, Stockman might have chosen to drop her contractual claims and go to trial only on her claim of fraud had she been put on notice that the Downes were seeking attorney’s fees under the contract.
573 So.2d at 837, n. 3.
In the instant case, the footnote 3 scenario is substantially what happened. The Cánteles sued the Caufields on a combined fraud and contract claim. After being revised by the trial court’s order, the suit continued strictly as a fraud and misrepresentation tort action. The Caufields’ motions which led to the dropping of the contract cause of action, pled vaguely for attorney’s fees pursuant to Stockman. Even if they were sufficient to constitute a plea for attorney’s fee pursuant to a contract, which we do not decide, we think the motions were superceded by the revised tort law suit which ensued thereafter. The Caufields’ subsequent general plea for attorney’s fees in their affirmative rer sponse to the tort cause of action, referencing neither statute nor contract nor Stockman, was clearly insufficient to constitute a specific pleading under the con *436 tract for an award of attorney’s fees. See United Pacific Ins. Co. v. Berryhill, 620 So.2d 1077 (Fla. 5th DCA 1993); Dealers Ins. Co. v. Haidco Inv. Enterprises, Inc., 638 So.2d 127 (Fla. 3d DCA 1994).
Stockman does provide, however, that the specific pleading requirement may be waived in a case in which a party has notice that an opponent claims entitlement to attorney’s fees, and by its conduct recognizes or acquiesces to that claim, or fails to object to the failure to plead entitlement. 573 So.2d at 838.
In this case there appears in this record no claim for attorney’s fee under the contract, pled by the Caufíelds before the voluntary dismissal was taken. There is no pre-trial assertion or pre-trial statement by the Caufíelds or stipulation by the Cánteles, that an issue for trial will be the Caufíelds’ right to attorney’s fees.[4] Had the Caufíelds pled their right to recover attorney’s fees under the contract, pursuant to the advice in Stockman, the Can-teles could have chosen to drop their contract cause of action and proceed under their fraud/misrepresentation claim. That is what in essence they did, and there is nothing in the record to have put them on notice the Caufíelds still continued to seek an attorney’s fee award, until the lawsuit was concluded by dismissal.
III. DID THE CAUSE OF ACTION BROUGHT AGAINST THE CAUFIELDS ARISE OUT THE CONTRACT, SO AS TO PROVIDE A BASIS FOR AN ATTORNEY’S FEE AWARD?
In order to be entitled to an award of attorney’s fees pursuant to a contract, the parties must “manifest in some clear way, their agreement to indemnify the other for attorney’s fees for a specific matter.”[5] Some courts give this rule “strict construction,” reading the contract language as narrowly as possible against the award. See Rivera v. Deauville Hotel, Employers Service Corp., 277 So.2d 265 (Fla.1973). In any event, strict construction or not, there could be no recovery of attorney’s fees against Armando Cantelle in this case since he was not a party to the contract.
If the contract provides that attorney’s fees may be awarded to the prevailing party “in connection with any litigation arising out of this contract” or the like, as the provision in this case states, this court has ruled the cause of action which is being sued upon must “arise out of the contract.” We have broadly interpreted that rule. For example, in Hopps v. Smith, 520 So.2d 673 (Fla. 5th DCA), rev.denied, 529 So.2d 695 (Fla.1988), Judge Cobb ruled that a cause of action for misrepresentation in the inducement of a contract did not arise out of the contract. And, in Dickson v. Dunn, 399 So.2d 447 (Fla. 5th DCA 1981), Judge Cowart ruled that buyers of real estate who sued the sellers for misrepresentation as to the condition of improvements on the property, did not bring a suit on the sales contract, and thus, the sellers who prevailed below, were not entitled to an award of attorney’s fees under the sales contract:
Appellees’ asserted cause of action was for an alleged misrepresentation by appellants which induced appellants to enter into the contract. Therefore the litigation arose out of the alleged misrepresentation inducing appellees to enter into the sales contract and not out of the contract itself.
399 So.2d at 447. See also Pharmacy Management Services, Inc. v. Perschon, 622 So.2d 75 (Fla. 2d DCA 1993); Location 100, Inc. v. Gould S.E.L. Computer Systems, Inc., 517 So.2d 700 (Fla. 4th DCA 1987), rev. denied, 528 So.2d 1182 (Fla. 1988); Keys Lobster, Inc. v. Ocean Divers, *437 Inc., 468 So.2d 360 (Fla. 3d DCA), rev. denied, 480 So.2d 1295 (Fla.1985).
This fairly simple rule underwent modification in Katz v. Van Der Noord, 546 So.2d 1047 (Fla.1989). In that case, the Florida Supreme Court held that a purchaser under a real estate contract who prevailed in litigation against the sellers could recover an attorney’s fee award under the contract even though the contract was rescinded as a result of the litigation. Taking this a step further, Judge Gross wrote in Kelly v. Tworoger, 705 So.2d 670 (Fla. 4th DCA 1998), that a seller of a condominium unit could recover attorney’s fees under the real estate contract where the cause of action later dismissed by the purchaser concerned the seller’s failure to disclose a latent defect, and under the contract, the seller had a duty to disclose this defect[6]. He theorized that litigation arising out of a contract should include, in addition to breaches of contract and nonperformance, those situations where a party is fraudulently induced into entering the contract. However, Judge Gross distinguished Location 100, Inc. and did not proclaim a conflict with it and the other misrepresentation cases cited above.
In this case, the Cánteles completely dropped their breach of contract cause of action against the Caufields, and elected to proceed solely on a tort-fraudulent misrepresentation claim. Under controlling prior case law out of this court, that does not constitute litigation arising out of the contract. The Cánteles were not seeking to rescind the contract as in the Katz case, but simply to recover damages for alleged false representations. Tort suits and contract suits still remain separate entities,[7] and until the Florida Supreme Court holds otherwise, we continue to follow the rule that a suit for damages for a false or fraudulent misrepresentation made orally or external to a contract, concerning property purchased pursuant to the contract, is not litigation arising out of the contract entitling the prevailing party to attorney’s fees.
AFFIRMED.
HARRIS and THOMPSON, JJ., concur.

. Compare Fla. R.App. P. 9.030(b)(1) with 9.030(b)(2). See also State v. Furen, 118 So.2d 6 (Fla. 1960); South Atlantic S.S. Co. of Delaware v. Tutson, 139 Fla. 405, 190 So. 675 (1939).

. See Bowman v. Corbett, 556 So.2d 477 (Fla. 5th DCA 1990).

. Kippy Corp. v. Colburn, 177 So.2d 193 (Fla. 1965); Nichols v. Michael D. Eicholtz Enterprises, Inc., 706 So.2d 70 (Fla. 5th DCA *435 1998); City of Tallahassee v. Big Bend PBA, 703 So.2d 1066 (Fla. 1st DCA 1997).

. Compare D.S. Ware Co., Inc. v. Green, 696 So.2d 959 (Fla. 1st DCA 1997).

. Sholkoff v. Boca Raton Community Hospital Inc., 693 So.2d 1114, 1118 (Fla. 4th DCA 1997).

. Johnson v. Davis, 480 So.2d 625 (Fla.1985).

. See HTP, Ltd. v. Lineas Aereas Costarricenses, S.A., 685 So.2d 1238 (Fla.1996), Ashland Oil, Inc. v. Pickard, 269 So.2d 714 (Fla. 3d DCA 1972), cert. denied, 285 So.2d 18 (Fla. 1973).