KLEIN, J.
After an exchange of personal and real property in a commercial transaction, plaintiffs brought this lawsuit seeking rescission or damages based on alleged fraudulent misrepresentations which occurred before the parties entered into the *856 contract. The defendants prevailed, and the trial court awarded prevailing party-attorney’s fees under a provision authorizing fees in the contract. Plaintiffs argue that Canfield v. Cantele, 837 So .2d 371 (Fla.2002) does not authorize the award of attorney’s fees under the contract, where the fraud was alleged to have induced the contract. We disagree.
Plaintiffs sold their marine business and real property to defendants for real estate, cash and other personal property. The agreement provided:-
LITIGATION. In the event of a dispute arising out of this AGREEMENT, the prevailing Party or Parties shall be entitled to recover their reasonable costs and attorneys’ fees including, but not limited to, such fees incurred prior to the institution of litigation, or in litigation.
A trial resulted in a verdict in favor of defendants, and the trial court awarded defendants attorney’s fees based on the contract.
Plaintiffs appeal, arguing that the last word of the Florida Supreme Court on this issue, Caufield, does not authorize attorneys’ fees where the fraudulent misrepresentations were made before the parties entered into the contract. In Caufield the contract was for the sale of a mobile home park, and after the closing, the buyer sued for fraudulent misrepresentations as to the condition of a sewer plant on the property. Plaintiffs assume, from the following language in Caufield, that the fraud in that case occurred after the signing of the contract for sale:
[T]he fraudulent misrepresentation complained of in this case could be correctly characterized as a tort stemming from or arising out of the failure of one party to carry out its contractual duty to reveal defects in the property. Had there been no contract, the ensuing misrepresentation would not have occurred. Therefore, the existence of the contract and the subsequent misrepresentation in this case are inextricably intertwined such that the tort complained of necessarily arose out of the underlying contract. As a result, the contractual provisions, including the prevailing party clause, should be given effect.
Canfield, 837 So.2d at 379.
We acknowledge that the above language appears to support plaintiffs’ argument; however, the opinion of the Fifth District being reviewed in Caufield, reported at 745 So.2d 431 (Fla. 5th DCA 1999), as well as the full discussion by the supreme court in Caufield, indicate that the case actually involved a tort claim based on fraud which induced the contract, just as in this case.
The Fifth District, after noting that the buyers had dropped their breach of contract claim against the sellers and were proceeding solely on the tort claim of fraudulent misrepresentation, stated:
Tort suits and contract suits still remain separate entities, and until the Florida Supreme Court holds otherwise, we continue to follow the rule that a suit for damages for a false or fraudulent misrepresentation made orally or external to a contract, concerning property purchased pursuant to the contract, is not litigation arising out of the contract entitling the prevailing party to attorney’s fees, [emphasis supplied]
745 So.2d at 437. The supreme court quoted the emphasized language in its discussion of this issue in Caufield, 837 So.2d at 378, and then went on to state:
The Caufields and the Florida Academy of Trial Lawyers argue that the Fifth District’s decision in this case as well as its earlier cases sets a poor policy which denies persons access to the Florida *857 courts. They argue that if only contract causes of action and not tort causes of action can “arise out of’ a contract, then courts will ignore the actual intent of the parties. The Caufields rely on this court’s opinion in Katz v. Van Der Noord, 546 So.2d 1047 (Fla.1989), and the Fourth District’s decision in Kelly v. Tworoger, 705 So.2d 670 (Fla. 4th DCA 1998), in support of their position that a tort cause of action can arise out of the contract.
In Katz, this Court approved the award of attorney’s fees under a prevailing party provision of a contract which contained the “arising out of the contract” language even though the action involved recision of the contract. Relying on Katz, the Fourth District in Kelly opined:
Although Katz spoke of an attorney’s fee provision in the context of a rescission action, its rationale is equally applicable to an action at law for fraudulent misrepresentation. The same deceptive conduct might justify relief under either cause of action. If the attorney’s fee provision of a contract is to be construed objectively, it would seem that “litigation arising out of this Contract” should include, in addition to breaches and nonperformance of the contract, those situations where the party was fraudulently induced into entering the contract, because such conduct is morally more repugnant that a simple breach. The distinction drawn by Dickson [v. Dunn, 399 So.2d 447 (Fla. 5th DCA 1981) ] and Location 100 — that a misrepresentation inducing a contract does not “arise” out of the contract— is at odds with the concept of justice that underlies the holding in Katz. 705 So.2d at 672-73.
Foreign -courts have held that actions for fraudulent concealment or misrepresentation in connection with a contract fall within attorney’s fee provisions of the contract. 3250 Wilshire Blvd. Bldg. v. W.R. Grace & Co., 990 F.2d 487 (9th Cir.1993); Childers v. Edwards, 48 Cal.App.4th 1544, 56 Cal. Rptr.2d 328, 331 (1996); Xuereb v. Marcus & Millichap, Inc., 3 Cal. App.4th 1338, 5 Cal.Rptr.2d 154 (1992); Sperry v. Bolas, 786 P.2d 517 (Colo.Ct.App.1989).
Id, at 673 n. 1.
If the fraudulent misrepresentation in Caufield had occurred after the execution of the contract, the above discussion would have been unnecessary, particularly the inclusion of our dicta in Kelly v. Tworoger to the effect that attorney’s fees should be recoverable where the contract was fraudulently induced: We also note that in the briefs filed in the supreme court in Cau-field, the buyers represented that the fraud occurred before the contract was signed, and the seller did not contest that description.
Accordingly, despite the language contained in the reasoning of our supreme court in Caufield' on which plaintiffs rely, we conclude that the claim in Caufield was based on a misrepresentation which occurred before the making of the contract. Caufield is thus indistinguishable from this case and requires an award of attorney’s fees. We note in passing that the trial court twice denied fees before ultimately recognizing that Caufield required the award of fees.[1]
*858 Our affirmance of the award of attorney’s fees makes it necessary for us to address the issues raised by the defendants on cross-appeal. They first argue that the trial court erred in limiting the award of attorney’s fees to the salaries of two defense counsel who were in-house counsel. One of the in-house counsel was being paid approximately $5,000 a month, and the other $125,000 a year. The trial court based the award for their services on the salaries they were being paid, rather than on a reasonable hourly rate for their services.
In Boca Raton v. Faith Baptist Church, 423 So.2d 1021 (Fla. 4th DCA 1982), we held that it was error to limit an attorney’s fee award to a city based on the in-house salary of the city attorney performing the work. See also Leibowitz v. City of Miami Beach, 688 So.2d 204 (Fla. 3d DCA 1996). We therefore reverse for entry of an award based on the testimony as to the number of hours and reasonable hourly rate, neither of which were challenged as being excessive.
Defendants also assert that the trial court erred in reducing the attorney’s fees they paid lawyers in London for services relating to this lawsuit, without making findings of fact to support the reduction. We agree that the failure to make findings requires reversal of that award as well.
Affirmed in part and reversed in part.
GUNTHER and MAY, JJ„ concur.

. It follows that Fleischer v. Hi-Rise Homes, Inc., 536 So.2d 1105 (Fla. 4th DCA 1988), and Location 100, Inc. v. Gould S.E.L. Computer Systems, Inc., 517 So.2d 700 (Fla. 4th DCA 1987), two decisions of this court which held that attorney's fees cannot be awarded under a contract where the contract is fraudulently induced, were overruled by Caufield.